# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

LAWRENCE J. GERRANS,
a/k/a LARRY GERRANS,

DEFENDANT(S).

**FILED**

NOV 08 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

---

## SUPERSEDING INDICTMENT

18 U.S.C. § 1343 - Wire Fraud;
18 U.S.C. § 1957 - Money Laundering;
18 U.S.C. § 1001(3) - False Statements;
18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) - Forfeiture Allegation

---

A true bill.

_____
Foreman

Filed in open court this ___8th___ day of
___November, 2018___.

THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

ROSE MAHER
_____
Clerk

**NO PROCESS**

Bail, $ _____

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** | |
|---|---|
| BY: ☐ COMPLAINT ☐ INFORMATION ☐ INDICTMENT<br>☒ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN FRANCISCO DIVISION |

**FILED**
NOV 08 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

---- OFFENSE CHARGED ----

18 U.S.C. § 1343 - Wire Fraud;
18 U.S.C. § 1957 - Money Laundering;
18 U.S.C. § 1001(3) - False Statements;
18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) - Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See attachment.

---- DEFENDANT - U.S ----

▶ LAWRENCE J. GERRANS, a/k/a LARRY GERRANS

DISTRICT COURT NUMBER

CR 18-00310 EMC

---- DEFENDANT ----

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes  ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
_____

Name and Office of Person Furnishing Information on this form      Alex G. Tse
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)      Robin L. Harris

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT      Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
_____

Date/Time: _____      Before Judge: _____

Comments:

FILED

NOV 08 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## ATTACHMENT TO PENALTY SHEET

<u>Counts 1-3 (each count)</u>:
20 years imprisonment; $250,000 fine or twice gain or loss; $100 special assessment; 3 years supervised release;

<u>Count 4</u>:
10 years imprisonment; $250,000 or twice the amount of criminally derived property; 3 years supervised release; $100 special assessment; and

<u>Counts 5-7 (each count)</u>:
5 years imprisonment; $250,000 fine; 1 year supervised release; $100 special assessment.

ALEX G. TSE (CABN 132612)
United States Attorney

FILED

NOV 08 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 18-0310 EMC |
|---|---|
| Plaintiff, | ) |
| v. | ) VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957 – Money Laundering; 18 U.S.C. § 1001(3) – False Statements; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Forfeiture Allegation |
| LAWRENCE J. GERRANS, a/k/a LARRY GERRANS, | ) |
| Defendant. | ) SAN FRANCISCO VENUE |

S U P E R S E D I N G  I N D I C T M E N T

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Superseding Indictment:

1. Defendant, LAWRENCE J. GERRANS, a/k/a LARRY GERRANS ("GERRANS"), was an individual who resided in San Anselmo, California, and conducted business in San Rafael, California.

2. Sanovas Inc. ("Sanovas") was a Nevada corporation with its principal place of business in San Rafael, California. Sanovas's stated objective was to create medical devices and to patent these devices. GERRANS was the President and CEO of Sanovas. At all times relevant to this Superseding Indictment, Sanovas's bank account was a JP Morgan Chase account ending in 9874.

3. Halo Management Group, LLC ("Halo") was a limited liability company formed

SUPERSEDING INDICTMENT
CR 18-0310 EMC

by GERRANS in Nevada on November 28, 2006. At all times relevant to this Superseding Indictment, Halo's principal place of business was 28 Greensburgh Lane in San Anselmo, California. GERRANS was the sole owner of Halo.

4.    Hartford Legend Capital Enterprises ("Hartford") was a limited liability company formed by GERRANS in Nevada on February 13, 2015. Hartford's principal place of business was Reno, Nevada. GERRANS was the owner of Hartford. GERRANS's cell phone number (ending 3278) was the same as Hartford's business phone number.

5.    Beginning in approximately 2013 and continuing through March 16, 2015, GERRANS rented a residence at 28 Greensburgh Lane in San Anselmo, California.

6.    Between April 2, 2013, and May 7, 2014, GERRANS withdrew a total of $500,000 from his personal Individual Retirement Account ("IRA") and used the funds for personal expenses, including vacations, jewelry, spa treatments, and rent on his personal residence.

7.    At all times relevant to this Superseding Indictment, the individual C.G. was employed by Sanovas. In May 2014, C.G. took over the accounting duties for Sanovas.

8.    In the summer of 2014, GERRANS directed C.G. to create after-the-fact accounting entries dating back to January 2010 for consulting and professional services that Halo supposedly provided to Sanovas.

9.    On August 20, 2014, GERRANS opened a bank account in Nevada ending in 6937 in the name of Halo Management Group LLC, and listed as Halo's phone number the number ending 3278 alleged above as GERRANS's cell phone number.

10.    On March 6, 2015, Sanovas convened its first meeting of the newly constituted Board of Directors ("BOD"). The principal order of business at this meeting was compensation for GERRANS. Among other things, GERRANS requested that the BOD reimburse GERRANS for deferred compensation based on the liquidation of GERRANS's IRA and accompanying penalties. GERRANS advised the BOD that he had expended the IRA funds in furtherance of Sanovas's business.

11.    On March 17, 2015, GERRANS purchased the residence at 28 Greensburgh Lane in San Anselmo, California for $2,570,000.00.

///

The Scheme and Artifice to Defraud

12. Beginning at a date unknown and continuing until at least May 2015, defendant LAWRENCE J. GERRANS, through the entities he controlled called Halo and Hartford, and in his role as the President and CEO of Sanovas,

   a) sought BOD approval for reimbursement to GERRANS from Sanovas for the liquidation of his IRA and penalties, without disclosing to the BOD that proceeds from the IRA were used for personal expenses that were not incurred in furtherance of Sanovas's business;

   b) sought BOD approval for payment of deferred compensation to GERRANS without disclosing that he had already received payments through his ownership of Halo and his submission of materially false Halo invoices to Sanovas for services and expenses that were supposedly provided or incurred by Halo when, in fact, as GERRANS well knew, Halo was not a legitimate independent consulting firm and provided no independent services to Sanovas because Halo was owned and operated by GERRANS; and

   c) created Hartford as a shell company to serve as a conduit for flow-through money from Sanovas and Halo, which money GERRANS obtained from Sanovas without the knowledge or approval of the Sanovas BOD, and which money GERRANS thereafter used to purchase his personal residence at 28 Greensburgh Lane in San Anselmo, California.

13. In furtherance of this scheme and artifice, GERRANS committed or caused to be committed the following acts, among others:

   a) On January 9, 2015, GERRANS caused a check numbered 7175 from Sanovas's bank account ending in 9874 to be issued to himself for $131,673.20;

   b) On January 10, 2015, GERRANS opened a new account in his name at JP Morgan Chase in Greenbrae, California ending in 1883 and deposited Sanovas check number 7175 into that account;

   c) On February 13, 2015, GERRANS formed Hartford in Nevada;

d) On February 25, 2015, GERRANS entered into a California Residential Purchase Agreement to purchase a residence at 28 Greensburgh Lane, San Anselmo, California;

e) On February 25, 2015, GERRANS wire transferred $77,100 from GERRANS's bank account at JP Morgan Chase in Greenbrae ending in 1883 to Stewart Title of California, Inc. ("Stewart Title");

f) On March 3, 2015, GERRANS opened a bank account in Nevada ending in 8584 in the name of Hartford Legend Capital Enterprises and listed Hartford's phone number as the number ending 3278 alleged above;

g) On March 6, 2015, GERRANS convened the first meeting of the newly constituted Sanovas BOD.  At or before this meeting GERRANS requested, but did not receive, approval from the BOD for the payment of deferred compensation from Sanovas and reimbursement for liquidation of his IRA and penalties from Sanovas, which IRA funds GERRANS claimed had been expended in furtherance of Sanovas's business;

h) Between January 20, 2015 and March 13, 2015, GERRANS deposited six checks made payable to Halo drawn on Sanovas's JP Morgan Chase bank account ending in 9874, totaling $1,435,544.25, into Halo's bank account ending in 6937;

i) On March 13, 2015, GERRANS deposited two checks made payable to Hartford drawn on Sanovas's JP Morgan Chase bank account ending in 9874 totaling $314,750, into Hartford's bank account ending in 8584;

j) On March 13, 2015, GERRANS wire transferred $80,000 from Sanovas's JP Morgan Chase bank account ending in 9874 to Halo's bank account in Nevada ending in 6937;

k) On March 16, 2015, GERRANS wire transferred $130,000 from Sanovas's JP Morgan Chase bank account ending in 9874 to an existing checking account in his and the individual S.G.'s names ending in 6055;

l) On March 16, 2015, GERRANS wire transferred $65,000 from Sanovas's JP Morgan Chase bank account ending in 9874 to an existing checking account held in his and another individual's name ending in 6055;

m) On March 16, 2015, GERRANS wire transferred $250,000 from Sanovas's JP Morgan Chase bank account ending in 9874 to Hartford's bank account in Nevada ending in 8584;

n) On March 16, 2015, GERRANS wire transferred an additional $250,000 from Sanovas' JP Morgan Chase bank account ending in 9874 to Hartford's bank account in Nevada ending in 8584;

o) On March 16, 2015, GERRANS caused $1,461,000 to be transferred from Halo's bank account in Nevada ending in 6937 to Hartford's bank account in Nevada ending in 8584;

p) On March 16, 2015, GERRANS wire transferred $35,000 from his bank account ending in 1883 to Hartford's bank account in Nevada ending in 8584;

q) On March 17, 2015, GERRANS wire transferred $200,000 from his existing checking account held in his and another individual's name ending in 6055 to Stewart Title for the purchase of a residence at 28 Greensburgh Lane, in San Anselmo California;

r) On March 17, 2015, GERRANS wire transferred $2,303,966.42 from Hartford's bank account in Nevada ending in 8584 to Stewart Title for the purchase of a residence at 28 Greensburgh Lane in San Anselmo California;

s) On March 17, 2015, GERRANS purchased the residence at 28 Greensburgh Lane in San Anselmo, California in part using $2,303,966.42 from Hartford's bank account in Nevada ending in 8584 for the purchase; and

t) On May 9, 2015, GERRANS told the Sanovas BOD he was entitled to deferred compensation from Sanovas and unpaid back salary in part because GERRANS had liquidated his IRA and used the proceeds to fund Sanovas.

14. The representations GERRANS made to the Sanovas BOD to reimburse GERRANS for

deferred compensation based on liquidating his IRA and unpaid back salary were false because, among other reasons, (a) the IRA proceeds were not used in furtherance of Sanovas's business (instead, as GERRANS well knew, he used the IRA proceeds for personal expenses, including the purchase of a $55,372 lady's diamond ring, spa treatments, luxury vacations, and rent on his personal residence); (b) GERRANS concealed from the Sanovas BOD that GERRANS had received significant payments from Sanovas through GERRANS's ownership and control of Halo; and (c) GERRANS had already transferred monies from Sanovas to Halo and Hartford before any deferred compensation was approved by the Sanovas BOD.

COUNTS ONE THROUGH THREE:  (18 U.S.C. § 1343 – Wire Fraud)

15. Paragraphs 1 through 14 are realleged and incorporated as if fully set forth here.

16. Beginning at a date unknown and continuing until at least May 2015, in the Northern District of California and elsewhere, the defendant,

LAWRENCE J. GERRANS,

did knowingly devise and intend to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and omission and concealment of material facts, with a duty to disclose, and, for the purpose of executing his schemes and artifices to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, namely, wire transfers as described in the separate counts below:

| Count | Approximate Date | Description of Wire Communication |
|---|---|---|
| 1 | March 13, 2015 | $80,000 transfer from Sanovas's JP Morgan Chase bank account in San Rafael, California ending in 9874 to Halo's bank account ending in 6937 in Nevada |
| 2 | March 16, 2015 | $250,000 transfer from Sanovas's JP Morgan Chase bank account in San Rafael, California ending in 9874 to Hartford's bank account ending in 8584 in Nevada |
| 3 | March 16, 2015 | $250,000 transfer from Sanovas's JP Morgan Chase bank account in San Rafael, California ending in 9874 to Hartford's bank account ending in 8584 in Nevada |

Each in violation of Title 18, United States Code, Section 1343.

<u>COUNT FOUR</u>: (18 U.S.C. § 1957 – Engaging in Monetary Transactions in Criminally Derived Property)

17. Paragraphs 1 through 16 and Counts One through Three are realleged and incorporated as if fully set forth here.

18. On or about the date set forth below, in the Northern District of California and elsewhere, the defendant,

LAWRENCE J. GERRANS,

did knowingly engage in a monetary transaction by, through, and to a financial institution, in and affecting interstate commerce, involving criminally derived property of a value greater than $10,000, said property having in fact been derived from a specified unlawful activity, namely, wire fraud, as set forth below:

| Count | Approximate Date | Description of Transaction |
|---|---|---|
| 4 | March 17, 2015 | $2,303,966.42 wire transfer from Hartford's bank account ending in 8584 in Nevada to Stewart Title in Greenbrae, California |

In violation of Title 18, United States Code, Section 1957.

<u>COUNT FIVE</u>: (18 U.S.C. § 1001(3) – False Statements)

19. Paragraphs 1 through 14 are realleged and incorporated as if fully set forth here.

20. On or about June 5, 2017, in the Northern District of California and elsewhere, the defendant,

LAWRENCE J. GERRANS,

did knowingly and willfully make and use false writings and documents knowing that said writings and documents contained materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, he submitted to the Federal Bureau of Investigation materially false invoices from Halo Management Group pertaining to his wife, S.G., for the time period January 2010 through March 2010.

In violation of Title 18, United States Code, Section 1001(3).

///

///

COUNT SIX: (18 U.S.C. § 1001(3) – False Statements)

21. Paragraphs 1 through 14 are realleged and incorporated as if fully set forth here.

22. On or about June 5, 2017, in the Northern District of California and elsewhere, the defendant,

LAWRENCE J. GERRANS,

did knowingly and willfully make and use false writings and documents knowing that said writings and documents contained materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, he submitted to the Federal Bureau of Investigation materially false invoices from Halo Management Group pertaining to Lawrence Gerrans for the time period January through March 2010.

In violation of Title 18, United States Code, Section 1001(3).

COUNT SEVEN: (18 U.S.C. § 1001(3) – False Statements)

23. Paragraphs 1 through 14 are realleged and incorporated as if fully set forth here.

24. On or about September 8, 2017, in the Northern District of California and elsewhere, the defendant,

LAWRENCE J. GERRANS,

did knowingly and willfully make and use false writings and documents knowing that said writings and documents contained materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, he submitted to the Federal Bureau of Investigation a materially false "Secured Promissory Note" from Lawrence Gerrans and S.G. to Hartford Legend Capital Enterprises, dated March 17, 2015.

In violation of Title 18, United States Code, Section 1001(3).

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

25. The allegations of Counts One through Three of this Indictment are realleged and fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

///

///

26. Upon a conviction of any offense alleged in Counts One through Three, the defendant, LAWRENCE J. GERRANS, shall forfeit to the United States all property constituting and derived from proceeds traceable to said offense, including but not limited to 28 Greensburgh Lane, San Anselmo, California representing the amount of proceeds obtained as a result of the offense.

27. If any of said property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: November 8, 2018

A TRUE BILL

/s/ *signature*
FOREPERSON

ALEX G. TSE
United States Attorney

/s/ *signature*
JOHN H. HEMANN
Deputy Chief, Criminal Division

(Approved as to form: *Robin Harris signature*
AUSA Robin Harris

SUPERSEDING INDICTMENT                     9
CR 18-0310 EMC