# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

FILED

AUG 27 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

LAWRENCE J. GERRANS,
a/k/a LARRY GERRANS,

DEFENDANT(S).

# SECOND SUPERSEDING INDICTMENT

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 1957 – Money Laundering;
18 U.S.C. § 1001(3) –False Statements;
18 U.S.C. § 401(3) – Contempt;
18 U.S.C. § 1512(b)(1) - Witness Tampering;
§ 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Forfeiture Allegation

_True Bill_

A true bill.

_____
Foreman

Filed in open court this ___27___ day of

_August, 2019_

_____
Clerk

Bail, $ _no proce_

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

1  DAVID J. ANDERSON (CABN 149604)
   United States Attorney
2

3                                                      FILED

4                                                    AUG 27 2019

                                                 SUSAN Y. SOONG
5                                          CLERK, U.S. DISTRICT COURT
                                           NORTH DISTRICT OF CALIFORNIA
6

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11
   UNITED STATES OF AMERICA,              )   No. CR 18-0310 EMC
12                                        )
            Plaintiff,                    )   VIOLATIONS: 18 U.S.C. § 1343 – Wire Fraud; 18
13                                        )   U.S.C. § 1957 – Money Laundering; 18 U.S.C.
       v.                                 )   § 1001(3) –False Statements; 18 U.S.C. § 401(3) –
14                                        )   Contempt; 18 U.S.C. § 1512(b)(1)--Witness
   LAWRENCE J. GERRANS,                    )   Tampering; § 981(a)(1)(C) & 28 U.S.C. § 2461(c) –
15  a/k/a LARRY GERRANS,                   )   Forfeiture Allegation
                                          )
16          Defendant.                    )   SAN FRANCISCO VENUE
                                          )
17

18         S E C O N D   S U P E R S E D I N G   I N D I C T M E N T

19  The Grand Jury charges:

20                         Introductory Allegations

21  At all times relevant to this Second Superseding Indictment:

22         1.    Defendant, LAWRENCE J. GERRANS, a/k/a LARRY GERRANS ("GERRANS"), was

23  an individual who resided in San Anselmo, California, and conducted business in San Rafael, California.

24         2.    Sanovas Inc. ("Sanovas") was a Nevada corporation with its principal place of business

25  in San Rafael, California.  Sanovas's stated objective was to create medical devices and to patent these

26  devices.  GERRANS was the President and CEO of Sanovas.  At all times relevant to this Superseding

27  Indictment, Sanovas's bank account was a JP Morgan Chase account ending in 9874.

28         3.    Halo Management Group, LLC ("Halo") was a limited liability company formed

   SECOND SUPERSEDING INDICTMENT
   CR 18-0310 EMC

by GERRANS in Nevada on November 28, 2006. At all times relevant to this Superseding Indictment, Halo's principal place of business was 28 Greensburgh Lane in San Anselmo, California. GERRANS was the sole owner of Halo.

4.      Hartford Legend Capital Enterprises ("Hartford") was a limited liability company formed by GERRANS in Nevada on February 13, 2015. Hartford's principal place of business was Reno, Nevada. GERRANS was the owner of Hartford. GERRANS's cell phone number (ending 3278) was the same as Hartford's business phone number.

5.      Beginning in approximately 2013 and continuing through March 16, 2015, GERRANS rented a residence at 28 Greensburgh Lane in San Anselmo, California.

6.      Between April 2, 2013 and May 7, 2014, GERRANS withdrew a total of $500,000 from his personal Individual Retirement Account ("IRA") and used the funds for personal expenses, including vacations, jewelry, spa treatments, and rent on his personal residence.

7.      At all times relevant to this Superseding Indictment, the individual C.G. was employed by Sanovas. In May 2014, C.G. took over the accounting duties for Sanovas.

8.      In the summer of 2014, GERRANS directed C.G. to create after-the-fact accounting entries dating back to January 2010 for consulting and professional services that Halo supposedly provided to Sanovas.

9.      On August 20, 2014, GERRANS opened a bank account in Nevada ending in 6937 in the name of Halo Management Group LLC, and listed as Halo's phone number the number ending 3278 alleged above as GERRANS's cell phone number.

10.     On March 6, 2015, Sanovas convened its first meeting of the newly constituted Board of Directors ("BOD"). The principal order of business at this meeting was compensation for GERRANS. Among other things, GERRANS requested that the BOD reimburse GERRANS for deferred compensation based on the liquidation of GERRANS's IRA and accompanying penalties. GERRANS advised the BOD that he had expended the IRA funds in furtherance of Sanovas's business.

11.     On March 17, 2015, GERRANS purchased the residence at 28 Greensburgh Lane in San Anselmo, California for $2,570,000.00.

12.     In 2016 and 2017, GERRANS obtained American Express corporate credit cards for Sanovas that were issued to, among others, GERRANS and his wife, S.G.  In 2017, GERRANS' American Express corporate credit card ended in 81006.

13.     The credit card transactions on the American Express Sanovas corporate credit cards ending in 81006 were processed by American Express's computer server located outside California.

14.     On July 23, 2018, a United States Magistrate Judge released GERRANS on a bond which set conditions of release including a special condition that the "defendant shall have no contact with [C.G.] re: criminal case outside presence of [C.G.'s] counsel."  The July 23, 2018 order also stated: "Defendant shall not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal investigation."

<u>The Scheme and Artifice to Defraud</u>

15.     Beginning at a date unknown and continuing until at least December 2017, defendant LAWRENCE J. GERRANS, through the entities he controlled called Halo and Hartford, and in his role as the President and CEO of Sanovas,

> (a) sought BOD approval for reimbursement to GERRANS from Sanovas for the liquidation of his IRA and penalties, without disclosing to the BOD that proceeds from the IRA were used for personal expenses that were not incurred in furtherance of Sanovas's business;

> (b) sought BOD approval for payment of deferred compensation to GERRANS without disclosing that he had already received payments through his ownership of Halo and his submission of materially false Halo invoices to Sanovas for services and expenses that were supposedly provided or incurred by Halo when, in fact, as GERRANS well knew, Halo was not a legitimate independent consulting firm and provided no independent services to Sanovas because Halo was owned and operated by GERRANS; and

> (c) created Hartford as a shell company to serve as a conduit for flow-through money from Sanovas and Halo, which money GERRANS obtained from Sanovas without the knowledge or approval of the Sanovas BOD, and which money GERRANS thereafter

SECOND SUPERSEDING INDICTMENT        3
CR 18-0310 EMC

used to purchase his personal residence at 28 Greensburgh Lane in San Anselmo, California;

(d) used his Sanovas American Express corporate credit card to enrich himself and his family by making personal charges on the corporate credit cards, including the card ending in 81066, and having those personal charges paid for by Sanovas.

16.   In furtherance of this scheme and artifice, GERRANS committed or caused to be committed the following acts, among others:

a)   On January 9, 2015, GERRANS caused a check numbered 7175 from Sanovas's bank account ending in 9874 to be issued to himself for $131,673.20;

b)   On January 10, 2015, GERRANS opened a new account in his name at JP Morgan Chase in Greenbrae, California ending in 1883 and deposited Sanovas check number 7175 into that account;

c)   On February 13, 2015, GERRANS formed Hartford in Nevada;

d)   On February 25, 2015, GERRANS entered into a California Residential Purchase Agreement to purchase a residence at 28 Greensburgh Lane, San Anselmo, California;

e)   On February 25, 2015, GERRANS wire transferred $77,100 from GERRANS's bank account at JP Morgan Chase in Greenbrae ending in 1883 to Stewart Title of California, Inc. ("Stewart Title");

f)   On March 3, 2015, GERRANS opened a bank account in Nevada ending in 8584 in the name of Hartford Legend Capital Enterprises and listed Hartford's phone number as the number ending 3278 alleged above;

g)   On March 6, 2015, GERRANS convened the first meeting of the newly constituted Sanovas BOD.  At or before this meeting GERRANS requested, but did not receive, approval from the BOD for the payment of deferred compensation from Sanovas and reimbursement for liquidation of his IRA and penalties from Sanovas, which IRA funds GERRANS claimed had been expended in furtherance of Sanovas's business;

h) Between January 20, 2015 and March 13, 2015, GERRANS deposited six checks made payable to Halo drawn on Sanovas's JP Morgan Chase bank account ending in 9874, totaling $1,435,544.25, into Halo's bank account ending in 6937;

i) On March 13, 2015, GERRANS deposited two checks made payable to Hartford drawn on Sanovas's JP Morgan Chase bank account ending in 9874 totaling $314,750, into Hartford's bank account ending in 8584;

j) On March 13, 2015, GERRANS wire transferred $80,000 from Sanovas's JP Morgan Chase bank account ending in 9874 to Halo's bank account in Nevada ending in 6937;

k) On March 16, 2015, GERRANS wire transferred $130,000 from Sanovas's JP Morgan Chase bank account ending in 9874 to an existing checking account in his and the individual S.G.'s names ending in 6055;

l) On March 16, 2015, GERRANS wire transferred $65,000 from Sanovas's JP Morgan Chase bank account ending in 9874 to an existing checking account held in his and another individual's name ending in 6055;

m) On March 16, 2015, GERRANS wire transferred $250,000 from Sanovas's JP Morgan Chase bank account ending in 9874 to Hartford's bank account in Nevada ending in 8584;

n) On March 16, 2015, GERRANS wire transferred an additional $250,000 from Sanovas' JP Morgan Chase bank account ending in 9874 to Hartford's bank account in Nevada ending in 8584;

o) On March 16, 2015, GERRANS caused $1,461,000 to be transferred from Halo's bank account in Nevada ending in 6937 to Hartford's bank account in Nevada ending in 8584;

p) On March 16, 2015, GERRANS wire transferred $35,000 from his bank account ending in 1883 to Hartford's bank account in Nevada ending in 8584;

q) On March 17, 2015, GERRANS wire transferred $200,000 from his existing checking account held in his and another individual's name ending in 6055 to

Stewart Title for the purchase of a residence at 28 Greensburgh Lane, in San Anselmo California;

r) On March 17, 2015, GERRANS wire transferred $2,303,966.42 from Hartford's bank account in Nevada ending in 8584 to Stewart Title for the purchase of a residence at 28 Greensburgh Lane in San Anselmo California;

s) On March 17, 2015, GERRANS purchased the residence at 28 Greensburgh Lane in San Anselmo, California in part using $2,303,966.42 from Hartford's bank account in Nevada ending in 8584 for the purchase; and

t) On May 9, 2015, GERRANS told the Sanovas BOD he was entitled to deferred compensation from Sanovas and unpaid back salary in part because GERRANS had liquidated his IRA and used the proceeds to fund Sanovas.

u) Between 2016 and December 2017, GERRANS used the Sanovas American Express corporate credit cards, including the credit card ending in 81006 for personal charges for his and his family's benefit

v) On April 10, 2017, GERRANS charged $32,395.77 to the Sanovas American Express corporate credit card ending in 81006 which was for payment of property taxes on his personal residence at 28 Greensburgh Lane,

w) On April 29, 2017, GERRANS charged $12,500 to Busra Carpets and Gifts on the Sanovas American Express corporate credit card ending in 81006 which was for the purchase of luxury carpets for his personal residence at 28 Greensburgh Lane,

x) GERRANS instructed C.G. to falsify Sanovas' accounting records to make it appear that the personal charges GERRANS incurred on the Sanovas American Express cards, including the card ending in 81006, were legitimate Sanovas business expenses.

17. The representations GERRANS made to the Sanovas BOD to reimburse GERRANS for deferred compensation based on liquidating his IRA and unpaid back salary were false because, among other reasons, (i) the IRA proceeds were not used in furtherance of Sanovas's business (instead, as GERRANS well knew, he used the IRA proceeds for personal expenses, including the purchase of a

1  $55,372 lady's diamond ring, spa treatments, luxury vacations, and rent on his personal residence);

2  (ii) GERRANS concealed from the Sanovas BOD that GERRANS had received significant payments

3  from Sanovas through GERRANS's ownership and control of Halo; and (iii) GERRANS had already

4  transferred monies from Sanovas to Halo and Hartford before any deferred compensation was approved

5  by the Sanovas BOD.  The entries GERRANS instructed C.G. to make in Sanovas' accounting records

6  were false because, among other reasons, certain of the charges GERRANS incurred on the Sanovas

7  American Express corporate credit cards, including the card ending in 81006 were for GERRANS and

8  his family's personal expenses.

9  COUNTS ONE THROUGH FIVE:  (18 U.S.C. § 1343 – Wire Fraud)

10         18.    Paragraphs 1 through 17 are realleged and incorporated as if fully set forth here.

11         19.    Beginning at a date unknown and continuing until at least December 2017, in the

12  Northern District of California and elsewhere, the defendant,

13                                  LAWRENCE J. GERRANS,

14  did knowingly devise and intend to devise a scheme and artifice to defraud as to a material matter, and

15  to obtain money and property by means of materially false and fraudulent pretenses, representations, and

16  promises, and omission and concealment of material facts, with a duty to disclose, and, for the purpose

17  of executing his schemes and artifices to defraud, did transmit and cause to be transmitted by means of

18  wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds,

19  namely, wire transfers as described in the separate counts below:

20

| Count | Date | Description of Wire Communication |
|---|---|---|
| 1 | March 13, 2015 | $80,000 transfer from Sanovas's JP Morgan Chase bank account in San Rafael, California ending in 9874 to Halo's bank account ending in 6937 in Nevada |
| 2 | March 16, 2015 | $250,000 transfer from Sanovas's JP Morgan Chase bank account in San Rafael, California ending in 9874 to Hartford's bank account ending in 8584 in Nevada |
| 3 | March 16, 2015 | $250,000 transfer from Sanovas's JP Morgan Chase bank account in San Rafael, California ending in 9874 to Hartford's bank account ending in 8584 in Nevada |
| 4 | April 10, 2017 | $32,395.77 charge to Marin County for property taxes for 28 Greensburgh Lane on the Sanovas American Express corporate credit card ending in 81006 |

| Count | Date | Description of Wire Communication |
|-------|------|-----------------------------------|
| 5 | April 29, 2017 | $12,500 charge to Busra Carpets and Gifts on the Sanovas American Express corporate credit card ending in 81006 |

Each in violation of Title 18, United States Code, Section 1343.

COUNT SIX: (18 U.S.C. § 1957 – Engaging in Monetary Transactions in Criminally Derived Property)

20.     Paragraphs 1 through 17 and Counts One through Three are realleged and incorporated as if fully set forth here.

21.     On or about the date set forth below, in the Northern District of California and elsewhere, the defendant,

LAWRENCE J. GERRANS,

did knowingly engage in a monetary transaction by, through, and to a financial institution, in and affecting interstate commerce, involving criminally derived property of a value greater than $10,000, said property having in fact been derived from a specified unlawful activity, namely, wire fraud, as set forth below:

| Count | Approx. Date | Description of Transaction |
|-------|--------------|----------------------------|
| 6 | March 17, 2015 | $2,303,966.42 wire transfer from Hartford's bank account ending in 8584 in Nevada to Stewart Title in Greenbrae, California |

All in violation of Title 18, United States Code, Section 1957.

COUNT SEVEN: (18 U.S.C. § 1001(3) – False Statements)

22.     Paragraphs 1 through 17 are realleged and incorporated as if fully set forth here.

23.     On or about June 5, 2017, in the Northern District of California and elsewhere, the defendant,

LAWRENCE J. GERRANS,

did knowingly and willfully make and use false writings and documents knowing that said writings and documents contained materially false, fictitious, and fraudulent statements in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the submission to the

SECOND SUPERSEDING INDICTMENT     8
CR 18-0310 EMC

1   Federal Bureau of Investigation of materially false invoices from Halo Management Group pertaining to

2   his wife, S.G., for the time period January 2010 through March 2010.

3        All in violation of Title 18, United States Code, Section 1001(3).

4   <u>COUNT EIGHT</u>:  (18 U.S.C. § 1001(3) – False Statements)

5       24.    Paragraphs 1 through 17 are realleged and incorporated as if fully set forth here.

6       25.    On or about June 5, 2017, in the Northern District of California and elsewhere, the

7   defendant,

8                    LAWRENCE J. GERRANS,

9   did knowingly and willfully make and use false writings and documents knowing that said writings and

10  documents contained materially false, fictitious, and fraudulent statements in a matter within the

11  jurisdiction of the executive branch of the Government of the United States, to wit, the submission to the

12  Federal Bureau of Investigation of materially false invoices from Halo Management Group pertaining to

13  Lawrence Gerrans for the time period January through March 2010.

14       All in violation of Title 18, United States Code, Section 1001(3).

15  <u>COUNT NINE</u>:  (18 U.S.C. § 1001(3) – False Statements)

16      26.    Paragraphs 1 through 15 are realleged and incorporated as if fully set forth here.

17      27.    On or about September 8, 2017, in the Northern District of California and elsewhere, the

18  defendant,

19                   LAWRENCE J. GERRANS,

20  did knowingly and willfully make and use false writings and documents knowing that said writings and

21  documents contained materially false, fictitious, and fraudulent statements in a matter within the

22  jurisdiction of the executive branch of the Government of the United States, to wit, the submission to the

23  Federal Bureau of Investigation of a materially false "Secured Promissory Note" from Lawrence

24  Gerrans and S.G. to Hartford Legend Capital Enterprises dated March 17, 2015.

25       All in violation of Title 18, United States Code, Section 1001(3).

26  <u>COUNT TEN</u>:  (18 U.S.C. § 401(3)—Contempt)

27      28.    Beginning in or about July 2018 and continuing through in or about August 13, 2019, in

28  the Northern District of California, the defendant,

SECOND SUPERSEDING INDICTMENT    9
CR 18-0310 EMC

1 LAWRENCE J. GERRANS,

2 did knowingly and intentionally disobey and resist a lawful order, rule, decree, and command of a court

3 of the United States, namely, an order of United States Magistrate Judge Maria-Elena James in criminal

4 case CR-18-0310-EMC, in the United States District Court for the Northern District of California, San

5 Francisco Division, that the defendant shall be released on bond with restrictive conditions including,

6 among others: (1) Defendant shall not harass, threaten, intimidate, injure, tamper with, or retaliate

7 against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal

8 investigation."; (2) "defendant shall have no contact with [C.G.] re: criminal case outside presence of

9 [C.G.'s] counsel."

10 GERRANS disobeyed and resisted this lawful order, rule, decree, and command of a court of the

11 United States by, among other acts, knowingly and intentionally: (1) providing a "throw away" phone to

12 C.G. so that C.G. and GERRANS could communicate about the criminal case; (2) giving C.G. directives

13 regarding C.G.'s testimony in the criminal case; (3) intimidating, injuring and retaliating against C.G.

14 All in violation of Title 18, United States Codes Sections 401(3) and 3147.

15 COUNT ELEVEN:  (18 U.S.C. § 1512(b)(1)--Witness Tampering)

16 29.    Beginning at a date unknown, but sometime after July 23, 2018 and continuing through

17 August 13, 2019 in the Northern District of California, the defendant,

18 LAWRENCE J. GERRANS,

19 did knowingly use intimidation, threaten and attempt to corruptly persuade another person with the

20 intent to influence, delay or prevent the testimony of a person, to wit, C.G., in an official proceeding.

21 All in violation of Title 18, United States Code, Sections 1512(b)(1) and 3147.

22 COUNT TWELVE: (18 U.S.C. § 1503—Obstruction of Justice)

23 30.    Beginning at a date unknown, but sometime after July 23, 2018, and continuing through

24 August 13, 2019 in the Northern District of California, the defendant,

25 LAWRENCE J. GERRANS,

26 corruptly and by threats or force and by a threatening communication attempted to influence, obstruct

27 and impede the due administration of justice in the criminal case *United States v. Lawrence J. Gerrans*,

28 CR 18-0310 EMC.

SECOND SUPERSEDING INDICTMENT      10
CR 18-0310 EMC

1      All in violation of Title 18, United States Code, Sections 1503 and 3147.

2   FORFEITURE ALLEGATION:  (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

3      31.    The allegations of Counts One through Three of this Indictment are realleged and fully

4   incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C.

5   § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

6      32.    Upon a conviction of any offense alleged in Counts One through Three, the defendant,

7                            LAWRENCE J. GERRANS,

8   shall forfeit to the United States all property constituting and derived from proceeds traceable to said

9   offense, including but not limited to 28 Greensburgh Lane, San Anselmo, California representing the

10   amount of proceeds obtained as a result of the offense.

11      27.    If any of said property, as a result of any act or omission of the defendant:

12           (a)    cannot be located upon the exercise of due diligence;

13           (b)    has been transferred or sold to or deposited with, a third person;

14           (c)    has been placed beyond the jurisdiction of the Court;

15           (d)    has been substantially diminished in value; or

16           (e)    has been commingled with other property which cannot be subdivided without

17           difficulty;

18   any and all interest defendant has in other property shall be vested in the United States and forfeited to

19   the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States

20   Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2 of

21   the Federal Rules of Criminal Procedure.

22   DATED:  August 27, 2019                A TRUE BILL

23                                               FOREPERSON

24   DAVID L. ANDERSON
     United States Attorney

25

26   (Approved as to form:

27                        AUSA Robin Harris

28

SECOND SUPERSEDING INDICTMENT    11
CR 18-0310 EMC

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☐ INDICTMENT

☐ SECOND   ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── OFFENSE CHARGED ───

18 U.S.C. § 1343 - Wire Fraud;
18 U.S.C. § 1957 - Money Laundering;
18 U.S.C. § 1001(3) - False Statements;
18 U.S.C. § 401(3) - Contempt;
18 U.S.C. § 1512(b)(1) - Witness Tampering ;
18 U.S.C. § 1503 - Obstruction of Justice &
28 U.S.C. § 2461(c) - Forfeiture Allegation

PENALTY:   See attachment.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

[+]

─── DEFENDANT - U.S ───

▶ LAWRENCE J. GERRANS, a/k/a LARRY GERRANS

DISTRICT COURT NUMBER    FILED

CR 18-00310 EMC

AUG 27 2019

DEFENDANT

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE
}  SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
}  MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form    DAVID L. ANDERSON

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Robin L. Harris

─── DEFENDANT ───

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction        ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No      give date
                       filed

DATE OF   ▶   Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▶  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
   ☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT      Bail Amount:

If Summons, complete following:
   ☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

## ATTACHMENT TO PENALTY SHEET

Counts 1 through 5 (each count):
20 years imprisonment;
$250,000 fine;
$100 special assessment;
3 years supervised release;
Restitution as determined by the Court

FILED

AUG 27 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Count 6:
10 years imprisonment;
$250,000 fine or 2X the amount of the criminally derived property;
$100 special assessment;
3 years supervised release

Counts 7 through 9 (each count):
5 years imprisonment;
$250,000 fine;
$100 special assessment;
1 year of supervised release

Count 10:
A term of imprisonment to be determined by the Court and as much as 10 years consecutive term
of imprisonment
$250,000 fine;
$100 special assessment;
Supervised release to be determined by the Court

Count 11:
20 years imprisonment and as much as 10 years consecutive term of imprisonment;
$250,000 fine;
$100 special assessment;
3 years supervised release

Count 12:
10 year consecutive term of imprisonment;
$250,000 fine $100 special assessment;
3 years supervised release