BRIAN H GETZ, ESQ. (CSBN 85593)
LAW OFFICES OF BRIAN H GETZ
88 Kearny Street, Suite 1850
San Francisco, CA 94108
Telephone: (415) 912-5886
Email: bhgetz@pacbell.net

Attorney for Defendant
LAWRENCE J. GERRANS

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:18-CR-00310-EMC |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO SET TERMS OF RELEASE PENDING SENTENCING** |
| vs. | |
| LAWRENCE J. GERRANS | |
| Defendant. | Hearing Date: On the Pleadings |
| | Hearing Time: On the Pleadings |
| | Courtroom: 5, 17th Floor |
| | Judge: Hon. Edward M. Chen |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that before the Honorable Edward Chen, United States District

Judge, Defendant LAWRENCE GERRANS, by and through counsel, will move the Court to set the

terms of release pending sentencing.

This motion is based on this Notice, Declaration of Counsel of Brian H Getz, Memorandum

of Points and Authorities, all applicable judicial and statutory authority, and any oral or

documentary evidence to be presented at the hearing of this motion.

DATED: March 17, 2020

Respectfully submitted,

*/s/ Brian H Getz*
BRIAN H GETZ
Attorney for Defendant
LAWRENCE J. GERRANS

BRIAN H GETZ, ESQ. (CSBN 85593)
LAW OFFICES OF BRIAN H GETZ
88 Kearny Street, Suite 1850
San Francisco, CA 94108
Telephone: (415) 912-5886
Email: bhgetz@pacbell.net

Attorney for Defendant
LAWRENCE J. GERRANS

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:18-CR-00310-EMC |
| Plaintiff, | **DECLARATION OF COUNSEL BRIAN H GETZ IN SUPPORT OF MOTION TO SET TERMS OF RELEASE PENDING SENTENCING** |
| vs. | |
| LAWRENCE J. GERRANS | |
| Defendant. | Hearing Date:   On the Pleadings |
| | Hearing Time:   On the Pleadings |
| | Courtroom:   5, 17th Floor |
| | Judge:   Hon. Edward Chen |

I, BRIAN H GETZ, say and depose:

1.      I am an attorney at law duly licensed to practice law in the State of California and before this Court, and I am the attorney for defendant Lawrence Gerrans.

2.      I make this Declaration in support of defendant's Motion to Set Terms of Release Pending Sentencing.

3.      I have personal knowledge of the facts stated herein and if called as a witness, I could testify competently to the matters set forth herein.

4.      On or about March 16, 2020, the Mayor of San Francisco ordered all residents to "shelter in place" at home effective midnight, March 16, 2020, in order to help prevent the spread of

- 1 -

1  COVID-19.

2  5.  The defendant, Larry Gerrans, is as of the date of this motion in custody in the San

3  Francisco County Jail, pursuant to an agreement with the U.S. Marshall's Service.

4  6.  On or about March 16, 2020, I was informed and therefore believe that the Sheriff of

5  the City and County of San Francisco has placed the jail population, including Mr. Gerrans, on

6  "lockdown" in order to prevent the spread of COVID-19. This means no visitation.

7  7.  On or about March 16, 2020, I was informed and therefore believe that the Sheriff of

8  the City and County of San Francisco has not opposed the release from custody from the San

9  Francisco County Jail of nonviolent offenders, under appropriate conditions, in order to help

10  prevent the spread of COVID-19. The San Francisco Public Defender is filing motion for the

11  immediate release of non-violent inmates.

12  I declare under penalty of perjury that the foregoing is true and correct, except as to those

13  matters stated upon information and belief, and as to those matters, I believe them to be true.

14  Executed on this date, the 17th of March, 2020, in San Francisco, California.

15  DATED:  March 17, 2020                              Respectfully submitted,

16                                                              /s/ Brian H Getz
                                                              BRIAN H GETZ
17                                                            Attorney for Defendant
                                                              LAWRENCE J. GERRANS
18

19

20

21

22

23

24

25

26

27

28
- 2 -
DECLARATION OF COUNSEL BRIAN H GETZ IN SUPPORT OF MOTION TO SET TERMS OF
RELEASE PENDING SENTENCING
CASE NO.: 3:18-CR-00310-EMC

BRIAN H GETZ, ESQ. (CSBN 85593)
LAW OFFICES OF BRIAN H GETZ
88 Kearny Street, Suite 1850
San Francisco, CA 94108
Telephone: (415) 912-5886
Email: bhgetz@pacbell.net

Attorney for Defendant
LAWRENCE J. GERRANS

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:18-CR-00310-EMC |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET TERMS OF RELEASE PENDING SENTENCING** |
| vs. | |
| LAWRENCE J. GERRANS | |
| Defendant. | Hearing Date:   On the Pleadings |
| | Hearing Time:   On the Pleadings |
| | Courtroom:      5, 17th Floor |
| | Judge:          Hon. Edward M. Chen |

## INTRODUCTION

As of the date of this motion, the President has declared a national public health emergency,[1] and the Governor of the State of California has declared a public health emergency throughout the state,[2] both in response to the spread of the Coronavirus Disease 2019 (COVID-19). The Centers of Disease Control and Prevention (CDC) and other health authorities have advised people to take precautions to reduce the exposure to COVID-19 and to slow the spread of the disease. An

---

[1] *See Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (Mar. 13, 2020).
[2] *See Governor Newsom Declares State of Emergency to Help State Prepare for Broader Spread of COVID-19*, https://www.gov.ca.gov/2020/03/04/governor-newsom-declares-state-of-emergency-to-help-state-prepare-for-broader-spread-of-covid-19/ (Mar. 4, 2020).

- 1 -

1   important part of the CDC recommendations is social distancing: keeping an appropriate physical

2   distance between people, and particularly in public settings.[3] To ensure the health and safety of the

3   defendant, Mr. Gerrans, through social distancing, undersigned counsel hereby moves the Court to

4   find extraordinary circumstances present due to the COVID-19 pandemic and order his transfer

5   from the San Francisco County Jail to placement on electronic home monitoring.

6

7                                              **FACTS**

8          Mr. Gerrans was remanded into custody on August 21, 2019, following a hearing in District

9   Court.  On January 29, 2020, Mr. Gerrans was found guilty of all charged counts by jury trial. He

10  has remained in the custody of the San Francisco County Sheriff (S.F. Sheriff), via a contract with

11  the U.S. Marshall's Service, to date, in the San Francisco County Jail. *See* Declaration of Counsel

12  Brian H Getz in Support of Motion to Set Terms of Release Pending Sentencing (Declaration of

13  Counsel). On or about March 16, 2020, undersigned counsel learned that the S.F. Sheriff has placed

14  the *entire* San Francisco County Jail on "lockdown" to help prevent the spread of COVID-19. *Id.*

15  Further, undersigned counsel has been informed that the S.F. Sheriff has not opposed requests for

16  the immediate release of nonviolent offenders at the S.F. Jail, under appropriate conditions, again in

17  order to help prevent the spread of COVID-19.  *Id.* These releases are being addressed on an ad hoc

18  basis.

19

20                                            **ARGUMENT**

21                              **Grounds for Pre-Sentencing Release**

22         Under 18 U.S.C. § 3143(a), a person who has been found guilty of an offense shall, as a

23  general matter, be allowed to remain at liberty provided he or she can show by clear and convincing

24  evidence that they are neither a flight risk nor danger to the community. For those convicted of

25  _____

26  [3] *See generally* Centers for Disease Control and Prevention, *Coronavirus (COVID-19)*,
    https://www.cdc.gov/coronavirus/2019-ncov/index.html (updated frequently); California Dep't of
    Public Health,

27  https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx (updated
    daily); *see also* Office of Governor, Executive Order N-25-20 (Mar. 12, 2020).

28                                                - 2 -

1   crimes defined in §§ 3142(f)(1)(A)-(C), however, § 3143(a)(2) states that such defendants shall be

2   detained unless, under (A)(i), the court finds there is substantial likelihood that a motion for

3   acquittal or new trial will be granted, or, under (ii), the government recommends no custody, and

4   under (B), the court finds by clear and convincing evidence that; (1) the person is not likely to flee;

5   or (2) the person poses no danger to the safety of any other person or the community. 18 U.S.C. §

6   3143(a)(2). The burden is on the defendant to show that he or she is deserving of release. *See*

7   *United States v. Manso-Portes*, 838 F.2d 889 (7th Cir. 1988); *United States v. Colon-Berrios*, 791

8   F.2d 211 (1st Cir. 1986); *United States v. Strong*, 775 F.2d 504 (3d Cir. 1985).

9          The trial court is not required to predict whether the defense will prevail in its motion for

10  new trial. Rather the defendant must only demonstrate a substantial question that is integral to the

11  merits of the case. "Substantial" means a question that could go either way. *United States v. Haney*,

12  800 F. Supp. 782 (E.D. Ark. 1992) (defendant passed both prongs (1) and (2) and was entitled to

13  bail; defendant showed his motion for acquittal was a "close question" (i.e., could go either way)

14  and he demonstrated he was unlikely to flee or pose a danger).

15         Despite the provisions of § 3143(a), which seemingly require the remand of most defendants

16  after plea or trial, 18 U.S.C. § 3145(c) contains a provision that allows anyone who falls under the

17  remand provisions of § 3143(a)(2) to be released if the defendant can show that there are

18  exceptional circumstances which justify his or her release. *See United States v. Carr*, 947 F.2d 1239

19  (5th Cir. 1991); *United States v. Kinslow*, 105 F.3d 555 (10th Cir. 1997). The term "exceptional

20  circumstances" has been interpreted very broadly in the Ninth Circuit. *See, e.g., United States v.*

21  *Garcia*, 340 F.3d 1013 (9th Cir. 2003) (discussing what circumstances might qualify as

22  "exceptional").

23         It goes virtually without saying that the present COVID-19 pandemic certainly qualifies as

24  "exceptional circumstances." As of the date of the writing of this motion, the Mayor of San

25  Francisco has just ordered all residents to "lockdown" at home.  And, as previously noted, the S.F.

26  Sheriff has not opposed the request to release nonviolent offenders in the S.F. County Jail, under

27  appropriate conditions, in order to prevent the spread of COVID-19. *See* Declaration of Counsel.

28
- 3 -

1        Mr. Gerrans is not a danger to the community. The unplanned, unexpected, unforeseen

2    meeting with Chris Gerrans, a blood relative, is not a reflection of who Lawrence Gerrans is. Since

3    that episode, Mr. Gerrans has had his trial. Mr. Gerrans no longer poses a threat to harm Chris

4    Gerrans.

5

6                            **CONCLUSION**

7        Therefore, for the above reasons, the defense respectfully requests the Court, pursuant to the

8    exceptional circumstances presented by the COVID-19 pandemic, order Mr. Gerrans's transfer from

9    the San Francisco County Jail to placement on electronic home monitoring until the COVID-19

10   pandemic is deemed controlled by appropriate government authorities.

11   DATED:  March 17, 2020                          Respectfully submitted,

12

13                                     */s/ Brian H Getz*
                                  BRIAN H GETZ

14                                     Attorney for Defendant
                                  LAWRENCE J. GERRANS

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                 - 4 -