1  DAVID L. ANDERSON (CABN 149604)
United States Attorney

2

3  HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

4  ROBIN HARRIS (CABN 123364)
LLOYD FARNHAM (CABN 202231)

5  Assistant United States Attorney

6      450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

7      Telephone: (415) 436-7200
FAX: (415) 436-7321

8      robin.harris @ usdoj.gov

9  Attorneys for United States of America

10

                    UNITED STATES DISTRICT COURT

11

                   NORTHERN DISTRICT OF CALIFORNIA

12

                      SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )  CASE NO. 3:18-CR-00310 EMC
                                       )
15      Plaintiff,                     )
                                       )  UNITED STATES' RESPONSE TO
16      v.                             )  DEFENDANT'S MOTION RE SCHEDULING
                                       )
17  LAWRENCE J. GERRANS,               )
a/k/a LARRY GERRANS,                   )
18                                     )
        Defendant.                     )
19  _____  )

20

21

22      The United States submits this brief memoranda in advance of the telephonic Status Conference

23  set for June 3, 2020, in response to the defendant's motion and to propose a briefing schedule.

24      On May 27, 2020, the Court directed that the hearing for post-trial motions would held be held

25  on August 20, 2020, the same date for which the Court had previously rescheduled the sentencing

26  hearing. Dkt 232 (Clerk's Notice). The Court also set forth a briefing schedule ordering post-trial

27  motions should be filed by July 9, 2020. *Id.* Shortly before midnight on May 27, 2020, after the Court

28  issued its briefing schedule, the defendant filed an *ex parte* application regarding the August 20, 2020

US RESPONSE RE JUNE 3 STATUS CONFERENCE
3:18-CR-00310 EMC                          1

1    hearing date. Dkt 233. This filing apparently followed an *ex parte* communication by defendant's

2    counsel to the Court without notice to the government.  *See* Dkt 236. The May 27, 2020 midnight filings

3    included a 53-page memorandum in support of a defense motion for a new trial (Dkt 235) and a 20-page

4    motion for judgment notwithstanding the verdict (Dkt 234).  Several declarations and more than 300

5    pages of exhibits accompanied the motions. The late-night filings are untimely and improper, as

6    discussed below, but even if they were appropriate post-trial motions, they were not due until July 9,

7    2020, and will not be heard until August 20, 2020, under the Court's May 27, 2020 scheduling order. On

8    May 28, 2020, the Court set a June 3, 2020 Status Conference to address the schedule for briefing and

9    hearing any post-trial motions. Dkt 236.

10          Both of defendant's motions are untimely under the Federal Rules of Criminal Procedure, and

11   the motion for a new trial, Dkt 235, was filed in contravention of this Court's local rules that mandate

12   that briefs or memoranda may not exceed 25 pages.

13          First, the motion for a new trial is more than double the length permitted by this Court's local

14   rules (*see* Civil L.R. 7-2(b) which applies to criminal motions, *see* Criminal L.R. 47-2(b)). The

15   government respectfully requests the Court to order the defendant to resubmit his motion for new trial

16   by June 18, 2020 with a memorandum that is 25 pages or less.

17          Second, Fed. R. Crim Pro 33 requires that any motion for new trial must be filed within 14 days

18   of the verdict, unless the motion is based on newly discovered evidence. The jury's verdict in this case

19   was rendered on January 29, 2020. The defendant has not moved for a new trial based upon newly

20   discovered evidence, and never sought relief from the deadline of Rule 33. The motion is therefore

21   barred from any consideration by this Court.

22          Third, the defendant's Rule 29 motion for acquittal (Dkt 234) is similarly untimely. Fed. R. Crim

23   Pro 29(c)(1) requires a motion for judgment notwithstanding the verdict to be filed within 14 days of the

24   verdict or after the Court discharges the jury, whichever is later. The defendant's motion was filed

25   almost 4 months after the jury rendered its verdict and was discharged. This motion too is also barred

26   from any consideration by this Court.

27          Finally, to the extent that there are any timely post-trial motions, the government agrees with the

28   Court's prior determination that post-trial motions will be heard on August 20, 2020, the date of the

1  sentencing hearing. On January 29, 2020, following the jury verdict, the Court ordered that the forfeiture

2  allegations would be heard on the date of the sentencing hearing, which the Court initially set for May

3  20, 2020. Dkt 143 (Minutes). On April 11, 2020, after the defendant filed a motion to continue certain

4  dates related to the preparation of the Presentence Report and to take the sentencing off-calendar, the

5  Court continued the date for the sentencing hearing and forfeiture proceedings to June 25, 2020. Dkt 203

6  (Clerk's Notice). On May 13, 2020, six weeks before the then-scheduled hearing date, the defendant

7  filed an emergency motion to continue the sentencing, and the Court continued the sentencing and

8  forfeiture hearing to August 20, 2020. Dkt 224 and 225 (Clerk's Notices). On May 27, 2020, the Court

9  set a briefing schedule for post-trial briefing, and ordered that any hearing on post-trial motions will take

10  place on the date of the sentencing hearing, August 20, 2020. Dkt 232.

11       In light of the Court's prior orders, in order to preserve the resources of the Court, and in order to

12  minimize the burden and risk to court staff, counsel, and other parties during the pandemic (including

13  consideration of the special measures adopted by the Court for in-person hearings), the government

14  requests that the hearing on any post-trial motions continue to be heard at the hearing currently set for

15  August 20, 2020. In addition, the government proposes the following modified briefing schedule, to

16  provide counsel with opportunity to adequately prepare and the Court time to consider the briefing:

17         • Post-trial motions, including any motions regarding forfeiture and the refiling of any

18            post-trial motion in compliance with Local Rules regarding page limits, filed by 5:00

19            p.m. on June 18, 2020.

20         • Responses to post-trial motions filed by 5:00 p.m. on July 16, 2020.

21         • Replies to post-trial motions filed by 5:00 p.m. on July 30, 2020.

22  DATED: June 2, 2020                         Respectfully submitted,

23                                    DAVID L. ANDERSON

24                                  United States Attorney

25

26                                   /s/

27                                  ROBIN HARRIS
                                LLOYD FARNHAM

28                                  Assistant United States Attorney