DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBIN L. HARRIS (CABN 123364)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7016
    FAX: (415) 436-7234
    Robin.harris2@usdoj.gov
    Lloyd.farnham@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-0310 EMC |
| Plaintiff, | |
| v. | UNITED STATES' SUR-REPLY RE TIMELINESS OF DEFENDANT'S POST-TRIAL MOTIONS |
| LAWRENCE GERRANS, | Hearing: July 15, 2020 |
| Defendant. | Honorable Edward M. Chen |
| | 2:30 p.m. (via Zoom) |

Pursuant to the Court's notice issued July 8, 2020, at Dkt 257, the United States submits this sur-reply memorandum addressing the lack of timeliness of all three of the defendant's currently pending motions, Dkts 234, 235 and 247. The defendant's motions are time-barred under the Rules of Criminal Procedure and the mandatory claims-processing rule despite the new arguments raised in defendant's reply brief, as further discussed below.[1]

The motion for new trial and the motion for acquittal are both time-barred under the *Eberhart* mandatory claims-processing rule. See Dkt 249 at 20-24. In his reply memorandum, defendant incorrectly asserts that *Eberhart* is not binding authority and that there is no longer any "mandatory" time limit because of a subsequent amendment of Rule 45. Dkt 252 n.4. The defendant cites no authority for this proposition. In fact, *Eberhart* continues to be cited for its primary holding, the mandatory claims processing rules guarantee relief to the party properly raising them, including in the context of time limits in the Rules of Criminal Procedure. *United States v. Robles,* 698 F. App'x 905, 906 (9th Cir. 2017) (unpub) (quoting *Eberhart* for the specific proposition that the time bar of Rule 33 "assure[s] relief to a party properly raising [it]."

The defendant has not articulated, let alone cited case authority, to explain why *Eberhart* does not apply to untimely motions under Rule 29 and Rule 33 brought months after deadlines set in those rules. *Eberhart* was decided in 2005, and Rule 45 was amended in 2005, 2008, 2009, 2016 and 2018. Nothing in the notes to those amendments suggests that the mandatory nature of the claims-processing rule in Rule 33 has changed. In the 2005 amendments, the Advisory Committee emphasized that the changes to Rule 45 (and Rule 33) were meant to empower the court, not litigants. Courts had previously interpreted the old rule to require that the *court* must act on a request for an extension of time within the 7-day window (now 14 days). However, the Committee amended those rules so as not to "force the court to rule on a motion to extend the time for filing" or "lose jurisdiction to do so." 2005 Adv. Cmte.

---

[1] The defendant's most recent motion, styled a motion to dismiss for improper government conduct, was filed on June 12, 2020, more than two weeks after the defendant filed the untimely motions for a new trial and for acquittal. That motion also seeks a new trial. Dkt 247 at 18. To the extent that this motion to dismiss seeks a dismissal of the indictment, there is no applicable Rule of Criminal Procedure for such a post-verdict motion, and the relief should be denied as unjustified and untimely. To the extent this motion seeks a new trial under Rule 33, that motion and relief is time-barred for all the reasons cited by the government in relation to the motions for a new trial and for acquittal.

US SUR-REPLY
CASE NO. 3:18-CR-0310 EMC                1

N., Rule 45. As a result, the notes state as follows:

> The defendant is still *required* to file motions under Rules 29, 33 and 34 within the seven-day [now 14-day] period specified in those rules. The defendant, however, may consistently with Rule 45, seek an extension of time to file the underlying motion as long as the defendant does so within the seven-day [now 14-day] period. But the court itself is not required to act on that motion within any particular time.

*Id,* emphasis supplied. Since the Court did not expand the time to file on its own, as discussed further below, and the defendant did not seek to extend time prior to the 14-day deadline, the time limit must be enforced under *Eberhart.*

The defendant argues that Rule 45 permits the Court to consider the otherwise untimely motions because the defendant's failure to file the motions—or even just to move to extend the time—within the 14-day deadline was the result of excusable neglect. Rule 45(B)(1)(b) provides the only circumstance under which a defendant may seek relief from a deadline after the deadline has passed: "for good cause … on a party's motion made … after the time expires if the party failed to act because of excusable neglect." Rule 45(B)(1). The defendant never so moved, even after the government notified the defendant's counsel of its position that a motion for a new trial not based on newly discovered evidence was untimely. Instead, the defendant filed the untimely motions without first having sought to extend the deadlines, and without even referencing the passed deadline let alone seeking to extend it in the motions or moving papers. Only in reply, after the government invoked the *Eberhart* rule, did the defendant raise excusable neglect. The motions were untimely when filed, under Rules 29 and 33, and the defendant never sought to expand the deadline either before or after it expired. He should not now be able to argue that the time bar does not apply at all only in reply.

In any event, there is no basis for the Court to find the defendant failed to act because of excusable neglect. First, defendant has continued to claim in his reply brief that there were no missed deadlines, no neglect, and that his motions were timely, which they were not. To the extent defendant is arguing his delay of more than five months was excusable neglect because his trial counsel was ineffective for not making the motion or seeking relief within the 14-day window, no justification has been advanced for why new counsel failed to at least seek relief from the deadline within a reasonable time after substitution into the case. Nor is there an explanation for why new counsel failed to address

the issue of timeliness at any point prior to the filing of her reply brief. On May 7, 2020, three weeks before the motions were filed, the government specifically informed counsel of the long-passed 14-day deadline for filing a Rule 33 motion. Rather than addressing the specific failure to timely file or otherwise move for relief from the time-bar, defense counsel has instead chosen to blame her predecessor for the blown deadline even though most of the delay occurred on her watch. [2]

The defendant argues, in the abstract, that ineffective assistance of counsel can be excusable neglect justifying the late motion for a new trial. The argument is unavailing. If an untimely new trial motion complaining of ineffective assistance can be conflated to justifiable "excusable neglect," then the Rule 33 deadline would never apply to such motions. The defendant's reliance on *United States v. Acosta*, No. C 11-00182 CRB, 2012 U.S. Dist. LEXIS 10383 (N.D. Cal. Jan. 30, 2012), illustrates the problem with the defendant's argument. In *Acosta*, the court considered a late-filed motion for a new trial based on the evidence at trial because he found that the defendant's counsel was ineffective and "objectively unreasonable" for not bringing the motion in the first place. *Id.* at *17. The excusable neglect finding there was based on a failure to bring a meritorious motion to the prejudice of the defendant. Here, the defendant seeks to bootstrap his ineffective assistance argument to justify the timeliness of the motion under excusable neglect; but prior counsel's failure to file this motion, or to extend the deadline for such a motion, was not objectively unreasonable for reasons discussed in the government's opposition memorandum.

The defendant's reply brief also asserts that the government did not adequately raise its objection to timeliness prior to the May 27, 2020 filing of defendant's motion for new trial. Reply, Dkt 252 pg. 8. This is false, but also not relevant given that the government properly raised its objection to the timeliness of the motion both before and after it was filed. The first time the government learned that the defendant was planning to file a motion for a new trial was May 7, 2020 in an email from counsel. That same day, the government advised counsel for the defendant in writing that any motion for new trial was time-barred under Rule 33 unless the motion was predicated on newly discovered evidence, which the instant motion is not. *See* Dkt 249-6 (Exhibit 5 to Opposition to Mot. For New Trial). The

---

[2] The government addressed the defendant's failure to meet the excusable neglect factors in its opposition memorandum, Dkt 249 at 29-30

government further invoked its objection by raising this precise issue in a response filed in advance of the Court's scheduling conference, filed on June 2, 2020, just six days after the defendant's untimely motions. Dkt 238 at 2. Most important, however, the timeliness of the government's objection is measured by the defendant's filing. The mandatory claims processing rule does not require the government to object to the timeliness of motions under Rules 29 or 33 *prior* to those tardy motions being brought. For example, in *Manrique v. United States,* 137 S. Ct 1266 (2017), citing *Eberhart*, the Supreme Court concluded that the government "timely raised petitioner's failure to file a notice of appeal from the amended judgment imposing restitution before the Court of Appeals." In other words, the claims processing rule was timely invoked when the government did so in its appellate answering brief. *Id.* By analogy, it would make no sense to require the government to preemptively file a timeliness objection to the court's general minute order referencing all "post-trial motions" since there could have been, but were not here, motions that would have been timely under the general minute order.

      The defendant incorrectly asserts in reply that the Court had already extended the deadlines for these motions through an "open-ended" extension of the time to file *any* motions during discussions in court on January 29, 2020 immediately after the verdict. Dkt 252 at 3. In fact, when the Court asked counsel whether any motions would be filed—presumably in the time allowed by the rules—counsel indicated he would notify the Court if any would be filed. The Court's inquiry did not amount to an open-ended extension of time. Moreover, the government did not give up its right to object under *Eberhart* especially because an extension of time was never requested by the defendant at any time nor was an extension ever granted by the Court. Likewise, the clerk's notice issued on April 23, 2020, many months after the mandatory 14-day period had lapsed, did not explicitly or implicitly grant relief to an otherwise time-barred Rule 29 or Rule 33 motion. Dkt 212. Nothing in this text-only docket entry, or the later notice, Dkt 232, expanded already-passed deadlines or allowed the defendant to bring time-barred motions. Under Rule 45, even on the Court's own motion, extension of a deadline must be done prior to the expiration of the deadline absent a finding of excusable neglect—and the Court had not made such a finding.

      Finally, the motion to dismiss for alleged improper government conduct, Dkt 247, is untimely

under the Court's scheduling orders and Rule 33. The Court stated that post-trial motions were due on May 27, 2020. The motion to dismiss was filed on June 12, 2020, without leave of court, and well after the May 27, 2020 filing deadline passed. The defendant makes the absurd argument (Reply Dkt 253 pg. 5) that the motion to dismiss was timely filed because it was done so in accordance with the second clerk's notice issued on May 27, 2020, Dkt 232. However, the defendant successfully asked the Court to vacate the second clerk's notice in his *ex parte* motion to advance the motions filing deadline and hearing date, Dkt 233, which the Court acceded to on June 4, 2020. Dkt 244. Having successfully advanced the filing deadline to May 27, 2020, in order to seek a hearing date prior to sentencing, the defendant cannot now claim that any additional motions are timely under a vacated motions schedule. Moreover, to the extent the defendant seeks a new trial in his motion to dismiss and the reply, that relief is foreclosed under *Eberhart*.

In sum, neither the Federal Rules of Criminal Procedure nor the Court's scheduling orders and deadlines are wiped away when, as here, a defendant fires his trial counsel two months after a guilty verdict. If a defendant were permitted to file motions in contravention of the Rules of Criminal Procedure and the Court's orders, every defendant who has buyer's remorse after a verdict would do exactly what Gerrans is now trying to do: circumvent the unequivocal mandatory deadlines of Rules 29, 33 and this Court's scheduling orders by retaining new counsel who retroactively pleads ignorance of the Rules of Criminal Procedure, court ordered deadlines and the facts of the case.

DATED: July 10, 2020

Respectfully submitted,

DAVID ANDERSON
United States Attorney

/s/
ROBIN L. HARRIS
LLOYD FARNHAM
Assistant United States Attorneys