DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBIN L. HARRIS (CABN 123364)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    robin.harris2 @ usdoj.gov
    lloyd.farnham @ usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-0310 EMC |
| Plaintiff, | |
| v. | **UNITED STATES' OPPOSITION TO DEFENDANT'S *EX PARTE* REQUEST FOR POST-CONVICTION RELEASE** |
| LAWRENCE GERRANS, | |
| Defendant. | Honorable Magistrate Judge Sallie Kim |

## INTRODUCTION

The United States submits this response to the latest request for release from custody after his conviction, filed by the defendant Lawrence Gerrans on July 17, 2020. The defendant has not presented new evidence sufficient to reconsider, let alone overturn, the Judge Chen's recent Order requiring him to remain in custody pending his sentencing—in a little over four weeks from now—and the motion should be denied without further proceedings.

On January 29, 2020, a jury convicted the defendant on all 12 counts in the Second Superseding Indictment, including contempt of court (Count 10) stemming from Gerrans' repeated violations of the Court's bond order. Gerrans had been remanded into custody on August 15, 2019, Dkt 46, and is scheduled to be sentenced on August 20, 2020. The U.S. Probation Office's draft pre-sentence report calculates an adjusted offense level of 35 and a sentencing guidelines range of 168 to 210 months.

On four prior occasions, both before trial and after his conviction, the defendant has unsuccessfully sought release. On each occasion various jurists in this district, including the Honorable Edward M. Chen, who presided over the trial, have denied the defendant's motions for release and ordered him detained. *See* Dkt 46, 67, 76, 207. The defendant now seeks a fifth bite at the apple, moving for release less than a month before his sentencing. Defendant does not present new facts or other relevant changed circumstances that warrant reconsideration, let alone reversal, of Judge Chen's April 14, 2020 Order denying release. *See* Dkt 207. Judge Chen found that the release after conviction is governed only by 18 U.S.C. § 3143(a)(1), and that the defendant must not be released under that provision because he cannot show by clear and convicting evidence that the defendant is not a danger to the community or any person. Defendant's fifth motion for release, Dkt 263, should also be denied for the reasons set forth below.

## LEGAL STANDARD

Contrary to the defendant's assertion, he is not permitted to "reopen" the prior bail determination at any time and is not entitled to a detention hearing with an opportunity to call witnesses under 18 U.S.C. § 3142(f). Dkt 263 (Motion) at 2. Section 3142(f) is not applicable to detention after trial, and instead by its explicit terms is only applicable pre-trial. Judge Chen specifically held that the provision applicable to detention or release after conviction is 18 U.S.C. § 3143(a)(1), and rejected the defendant's

argument that provisions of § 3142 are also broadly applicable to post-conviction detention. Dkt 207 (April 14, 2020 Order) at 1-2. Even the portion of § 3142(f) cited by the defendant specifically states that the hearing may be reopened only "at any time *before* trial." Emphasis supplied. There is no similar provision of § 3143 permitting a renewed detention hearing after conviction, and no provision that provides the defendant the right or opportunity to call witnesses. The Court already considered evidence submitted by parties during the motion for release heard in April 2020, and the defendant's renewed motion should be construed as a motion to reconsider the April 14, 2020 decision that he must be detained pending sentencing. With insufficient new evidence or changed circumstances to revisit Judge Chen's Order, the motion fails.

The determination of release in this case, after conviction and awaiting sentencing, is governed by 18 U.S.C. § 3143(a)(1). Under that statute, and as already held by Judge Chen, the "exceptional reasons" provision of 18 U.S.C. § 3145(c) and the "compelling reason" provision of 18 U.S.C. § 3142(i) do not apply. The only question before the Court for release post-conviction is whether the defendant can show "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). In other words, the defendant cannot be released "where there is a risk of flight or danger of a convicted defendant." Dkt. 207 (Order) at 2. The other considerations raised by the defendant in prior motions and the new request, including the risks presented by the COVID-19 pandemic and preparation for sentencing, are not grounds to revisit detention, but in any event Judge Chen also ruled that even under a "compelling reason" exception, and considering other arguments set forth by the defendant, release is not warranted. Dkt 207 at 2.

**DISCUSSION**

The defendant has not provided any new facts that merit reconsideration of Judge Chen's April 14, 2020 Order. After two lengthy hearings, multiple rounds of briefing, and the submission of declarations and evidence, Judge Chen concluded that defendant failed to meet his burden of showing by clear and convincing evidence that he is *not* a danger to the community or any person. Judge Chen found that the defendant poses a safety risk to one of the assigned prosecutors, AUSA Robin Harris, having made a threat to "take her out" after she returned home from work, a threat Judge Chen deemed credible and concluded that the defendant has a "focused and intense hostility against Ms. Harris

1 personally." Dkt 207 at 3.  In his Order, Judge Chen wrote:

> Given the express threat made against Ms. Harris, his demonstrated hostility towards and fixation with her, the understandable concerns for the safety of Chris Gerrans, and Defendant's proven inability (or unwillingness) to comply with the law and orders of the Court, the Court cannot conclude there is clear and convincing evidence that Defendant does not pose a danger to the safety of any other person or the community."

Dkt 207 at. 4.  The facts that Judge Chen relied on in reaching this determination have not changed since the date of Judge Chen's April 14, 2020 Order denying release.

The defendant's conviction for contempt of court, attempted witness tampering, and obstruction of justice—all committed while on release—only increase the concerns regarding danger because of a proven propensity to disregard bond conditions and legal prohibitions related to the administration of justice.  *See* Dkt 144. These convictions already gave rise to a rebuttable presumption that there are no conditions that will assure the safety of the community and, more specifically, that will assure the safety of witness Chris Gerrans and Assistant United States Attorney Robin Harris.  Similarly, as with his prior motions, the defendant's newest motion does not provide evidence sufficient to rebut the presumption that the judicial officer "shall" enter an order detention if there is probable cause that the defendant committed another crime while on release.  18 U.S.C. § 3148.  Judge Chen made clear that the defendant's conduct showed that he is willing to violate direct orders:

> [I]t is clear from the record that Mr. Gerrans has refused on numerous occasions to follow the law and the orders of this Court. His bail pending trial was revoked for good reason; he engaged in numerous acts in violation of his bond. Even after bail was revoked, he appeared to tolerate violation of the protective order.

Dkt, 207 at 4.  The previous bond violations standing alone provide a basis for denying the motion.

The purported "new facts and evidence" cited by the defendant as relevant to the defendant's already-determined danger to any person and the community consists only of the following:  (1) a psychologist's report concluding that the defendant is a low risk of violence,[1] and (2) alleged credibility

---

[1] The defendant's motion mischaracterizes the conclusions of his own retained psychologist, claiming that the report concluded that the defendant poses a "very low risk of danger or violence."  Dkt 263 at 1. In fact, the report finds not a "very low" risk, but a "low" risk of violence. Dkt 265 (Under Seal Report). The report also does not opine on the risk that the defendant will not comply with release conditions generally, but does consider whether Chris Gerrans was a credible witness—an evaluation outside Dr. Ernst's competence to make, unsupported by the evidence, and in contravention of Court findings.

issues regarding witness Christopher Gerrans that were already raised to—and rejected by—Judge Chen. Dkt 263 at 1. (The defendant also raises issues regarding COVID-19 risks and the possibility of relocating Mr. Gerrans to a federal detention facility; those issues are not "new evidence" and are discussed below.) The post-conviction report the defense obtained from psychologist Teo Ernst is not new evidence, and does not warrant reversal of the prior order denying release. First, this biased and self-serving report purports to reach sweeping conclusions regarding Mr. Gerrans' propensity for violence, among other irrelevant findings. The conclusions of Dr. Ernst purport to contradict the factual findings made by Judge Chen in ruling that the defendant could not show by clear and convincing evidence that the defendant is not a danger to AUSA Harris and the community at large. Dr. Ernst also opines, without support other than his overall conclusion that Mr. Gerrans presents a "low risk of violence," that defendant's express threat to "take out" AUSA Harris and defendant's statement to witness Ryan Swisher that he "would have killed" witness Chris Gerrans if there were not so many cameras were only "figures of speech." Dkt 265 (Under Seal Report). This nonsensical conclusion is also contradicted by the facts presented at trial and considered by Judge Chen in denying the prior post-conviction motion for release. In fact, the Court found that the defendant's jail letters to his wife exhibited a "disturbing fixation" with AUSA Harris, and that the risk of a danger to AUSA Harris "cannot be ignored" given the defendant's temper as displayed during the storage facility incident. Dkt 207 at 4.

    The issues that the defendant raises regarding the credibility of Christopher Gerrans are likewise not new, and have been addressed in prior adjudications and proceedings, including the jury's verdict convicting the defendant after hearing the testimony of Christopher Gerrans that supported the charges of contempt, witness tampering, and obstruction of justice. Dr. Ernst's opinion regarding whether Christopher Gerrans is a reliable witness does not and should not alter the factual findings that are supported by the jury's verdict and the Court's ruling on the prior motion for release. And the defendant's so-called new arguments that purport to question the testimony and credibility of Christopher Gerrans are insufficient to undermine the determination of the judge who presided over the trial and found Christopher Gerrans to be generally credible. Dkt 207 at pg. 3.

    The facts demonstrate that the defendant has shown a propensity for violence while on release in

this case. The defendant physically assaulted Chris Gerrans at a storage facility and told a third party witness that he would "kill Chris Gerrans" if there were not surveillance cameras on at the storage facility. The defendant owns several firearms, including an AR-15 assault-style rifle. As stated, "The Court also notes that Defendant has had access to guns, and although counsel represents those guns have either been sold or are in the hands of third parties, Defendant's experience with and potential access to guns cannot be entirely ignored." Dkt 207 at 3.

As noted above, unless the defendant shows by clear and convincing evidence that he is not a danger, a post-conviction motion for release must be denied. However, even if other factors were considered, the defendant has not met his burden to justify reconsideration of the Court's post-conviction Order denying release. As in his prior motion, the defendant again argues that his hypertension puts him at an increased risk for complications if he were to contract COVID-19.[2] Judge Chen found this argument irrelevant to the legal analysis under § 3143(a)(1) and, in any event, unpersuasive based on the medical records, or lack thereof, submitted the defendant. Dkt 207 at 2. Again the defendant has not submitted medical evidence to support his claims that any hypertension would lead to an increased risk of serious complications, presumably because there are no medical records that would support his claim he has a significantly heightened risk of complications if he contracts COVID-19. For the same reasons already noted by Judge Chen, this argument should be rejected. *Id.* Defendant's ongoing treatment for hypertension is not a newly-identified risk factor; it was considered and rejected by Judge Chen when he concluded "the defendant has not presented compelling evidence that he is in the group of people considered most vulnerable as identified by the CDC guidelines on COVID-19." *Id.*

Finally, the defendant's possible transfer from the 850 Bryant Street facility to a federal detention center in Los Angeles does not alter Judge Chen's factual findings and legal conclusion that

---

[2] The defendant's motion incorrectly states that hypertension, the only risk factor raised in this motion, was recently added to CDC guidance in June 25, 2020. Dkt 263 at 6. In fact, prior to Judge Chen's April 14 Order, hypertension was already identified as a factor that may indicate an increased risk for illness from COVID-19, and the defendant specifically cited this risk factor in his April 7, 2020 submission to the Court. Dkt 186 at 12, note 17. There has been no significant change in the CDC guidance regarding hypertension since April 2020, and this purported change does not warrant revision of the prior Order.

US OPPOSITION TO REQUEST FOR POST-CONVICTION RELEASE
CASE NO. 3:18-CR-0310 EMC                          5

the defendant has not established by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community. Dkt 207 at 4. The defendant and his attorneys have been communicating by Zoom and telephone, and not by in person visits, during the COVID-19 pandemic. See Dkt 254 at 3. There has been no showing from the defense that Zoom and telephone communications will not continue if the defendant is moved. Nevertheless, the possible transfer from one facility to another, based on the operational needs of the U.S. Marshal Service, has no bearing on whether the defendant has established by clear and convincing evidence that he does not pose a danger to the community. Defendant has not met his heavy burden and the April 14, 2020 order should not be reconsidered, or overturned, on this record.

## CONCLUSION

For the reasons stated above, the Court should deny the defendant's renewed request for release pending sentencing. Because the defendant has not met his burden to show new facts and circumstances, unknown at the time of the original motion, that warrant reconsideration of the April 14, 2020 Order, and because the defendant is not entitled to a hearing on the issue of detention post-conviction, the Court can and should deny this motion on the record currently before the Court.

DATED: July 21, 2020                    Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
ROBIN HARRIS
LLOYD FARNHAM
Assistant United States Attorney