SHAWN HALBERT (CSBN 179023)
214 Duboce Avenue
San Francisco, California 94103
Telephone: (415) 703-0993
shawn@shawnhalbertlaw.com

Attorney for Defendant Larry J. Gerrans

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18-00310 EMC |
| v. | **DEFENDANT'S EXPEDITED MOTION TO CONTINUE AUGUST 20 2020 SENTENCING DATE TO SEPTEMBER 16, 2020; SUPPORTING DECLARATION OF SHAWN HALBERT; [PROPOSED] ORDER** |
| LARRY J. GERRANS, | Court: Honorable Edward M. Chen |
| Defendant. | |

**INTRODUCTION**

Pursuant to Local Criminal Rule 32-2, defendant Gerrans moves this Court to continue the sentencing in this matter from August 20, 2020 to September 16, 2020 or any date convenient to the Court.[1] This expedited continuance is necessary to effectuate Mr. Gerrans' Sixth Amendment right to effective assistance of counsel. The request is being brought as a motion rather than a stipulation because the government will not agree to any continuance of the sentencing date.

---

[1] The defense initially sought a date of September 2 for the sentencing. USPO Goldsberry had no objection to a continuance and indicated that she was only available in the *afternoon* of September 2 because she had another sentencing in Judge Breyer's courtroom that morning. Defense counsel subsequently learned that this Court's in-person sentencings are now on Wednesday *morning* every other week. Ms. Goldsberry is out of the office until August 3 and thus the defense requests the next available date of September 16, which may be advisable anyway in light of Mr. Gerrans' quarantine.

1

Def's Motion to Continue Sentencing Date to September 16, 2020; Declaration; [Proposed] Order
CASE NO. CR 18-00310 EMC

As the defense seeks a continuance that affects due dates for items currently due July 30 and July 31 based on information that the defense learned only today, and as the government laid out the basis for its objection in an email that the defense is attaching as Exhibit 1 to this Motion, the defense requests that the Court rule expeditiously based on the parties' positions as set out in this motion.

## DISCUSSION

### A. Basis for Expedited Motion

Criminal Local Rule 32-2(a) provides that "[a]t any time prior to filing the final presentence report, the parties may file a stipulation or a party may make a motion to change a date for the sentencing hearing in a case." Crim.L.R. 32-2(a). Thus, this motion may be made any time prior to August 6, 2020.

The defense motion is expedited due to events that transpired over the past five days. Counsel did not bring this motion earlier this week because she held out hope that she would be able to consult with Gerrans during the week; however, today counsel learned that the Los Angeles Metropolitan Detention Center allows for attorney calls only during 3.5-hour windows Mondays, Wednesdays and Fridays (for all detainees) and that there is no guarantee that Mr. Gerrans will be made available for a call on the next available date, Friday, July 31. Mr. Gerrans is in a 14-day quarantine, which may affect the calls.

Undersigned counsel's inability to communicate with her client for the past week materially interfered with her ability to consult with her client prior to the due date of defendant's objections to the draft PSR (pursuant to Local Criminal Rule 32-4(b)), which is July 30, 2020. The communication blackout with her client also materially interfered with her ability to discuss factual issues relating to the government's Forfeiture Motion, which is due on July 31. It is unclear at the time of this writing when counsel will be able to have legal phone calls with Mr. Gerrans.

### B. Timeline from July 14, 2020 to July 29, 2020

The defense includes the following timeline in light of the government's position that counsel should have worked harder and completed the review of the draft PSR with her client in one week rather

2

than two weeks, and should have completed and reviewed the defense Opposition to the Forfeiture one week ahead of the scheduled due date of July 31, 2020.

| | |
|---|---|
| July 14 | The parties were informed that due to San Francisco County Jail moving detainees out of the jail, and local jails being unwilling to accept federal detainees because of Covid, Mr. Gerrans would be moved to Sacramento or Los Angeles. |
| July 14-16 | Undersigned counsel asked numerous people in the USM and SF County Jail if Mr. Gerrans could be held locally until August 20, 2020 so that the defense's ability to communicate with Mr. Gerrans about his case would not be impeded. |
| July 15 | This Court held a hearing on defendant's Motions to Dismiss and for a New Trial and took the motions under submission |
| July 16 | U.S. Probation issued a draft PSR, which was mailed to Mr. Gerrans<br><br>Defense counsel worked with Dr. Teo Ernst to produce his report weeks ahead of schedule in order to address issues related to Mr. Gerrans' potential release |
| July 17 | The defense filed an Ex Parte Application for Mr. Gerrans' Release from Custody in light of the information that he would be moved prior to August 20 |
| July 18 (Saturday) | Defense counsel hand delivered a copy of the draft PSR to SF County Jail in case the mailed copy was delayed or not received |
| July 21 | Defense counsel began a review of draft PSR with Mr. Gerrans on a Zoom call |
| July 22 | Defense counsel filed a Notice responding to Government's Response to Defendant's Ex Parte Application re Bail<br><br>Judge Kim issued an Order Denying Application for defendant's release |
| July 23 | Government filed Ex Parte Application to Continue Sealing Documents |
| July 24 | Undersigned counsel's scheduled Zoom meeting with Larry Gerrans mostly concerned topics including the Government's Ex Parte Motion and Judge Kim's Order Denying Release<br><br>Defense counsel requested Zoom visits on Sunday, July 26, and Monday, July 27 to confer with Mr. Gerrans to review draft PSR and issues relating to government's forfeiture application<br><br>Undersigned counsel called numerous people at the USM and SF County Jail to ask |

Def's Motion to Continue Sentencing Date to September 16, 2020; Declaration; [Proposed] Order
CASE NO. CR 18-00310 EMC

| | that Mr. Gerrans be held locally until August 20, 2020 and was told by one source that he would not be moved prior to sentencing |
|---|---|
| July 25 (Saturday) | Undersigned counsel was told that Mr. Gerrans was no longer in SF Jail Custody and that the Sunday Zoom call with Mr. Gerrans therefor would not occur. Undersigned counsel informs SF Jail later in the day that she has been told by Mrs. Gerrans that Mr. Gerrans is still in SF and reiterates her request for Sunday Zoom call. |
| July 26 (Sunday) | Mr. Gerrans was not presented for a Sunday Zoom visit. Undersigned counsel requested additional Zoom visits for Monday, July 27, Tuesday, July 28, and Wednesday, July 29, which she anticipated would take place without a problem (for example, the week that Mr. Gerrans' replies were due, defense counsel scheduled Zoom visits with Mr. Gerrans every day that week) |
| July 27 | When she signed in for scheduled Zoom visit, undersigned counsel learned that Mr. Gerrans was no longer in custody at SF Jail |
| July 27-28 | Undersigned counsel did not know where Mr. Gerrans was located. She received calls from a Texas number that were collect calls from a jail/prison but was repeatedly disconnected when she tried to answer the calls |
| July 28 | Undersigned counsel learned that Mr. Gerrans was in the Metropolitan Detention Center in LA and that his counselor would be in the following morning |
| July 29 | Undersigned counsel could not reach Mr. Gerrans' counselor but spoke to someone at the Metropolitan Detention Center in LA and learned that all attorney phone calls for all detainees are scheduled only for Mondays, Wednesdays and Fridays from noon to 3:30 p.m. Counsel was told how to request a slot for a call, which she did, but was told that there is no guarantee she will get a call scheduled |

**C. Local Rules Require Only Good Cause to Continue Sentencing Date**

Local Criminal Rule 32-1, which governs the scheduling of the sentencing hearing, "is designed to allow sufficient time for investigation and preparation of a presentence report and the identification and narrowing of issues requiring judicial resolution before sentencing." (Commentary to Crim.L.R. 32-1). The only requirement to change the sentencing date is "good cause." Fed. R. Crim. P. 32(b)(2). Local Criminal Rule 32-1 does *not* impose a limit on the number of days from conviction by which sentencing must occur, but to the contrary creates a default setting as to the *minimum* amount of time that must pass between conviction and sentencing. *See* Criminal Local Rule 32-1.

**D. There is Good Cause for a Continuance of the Sentencing Date in this Case**

There is good cause for a short continuance of the sentencing and forfeiture hearing date in order to allow the defense adequate time to consult with Mr. Gerrans about factual issues relating to objections to the PSR and the Opposition to the Government's Motion for Forfeiture. Defense counsel cannot be expected to have completed her necessary work ahead of schedule under any circumstances, and certainly not the circumstances in this case during the past several weeks. Mr. Gerrans has a Sixth Amendment right to effective assistance of counsel. Defense counsel's representation that she needs to consult in depth with her client before completing her final objections to the PSR and completing the Opposition to Forfeiture is sufficient to meet a showing of good cause.

The government opposes any continuance of the sentencing date. *See* July 29, 2020 email attached as Exhibit 1 to this Motion.

- The government states that the Court previously indicated that it would not continue the sentencing hearing again. Ex. 1. The defense request is based on new information that could not, by definition, have been known to the Court previously. Defense counsel did everything in her power to keep Mr. Gerrans here (either at SF County Jail or on home confinement) so she would be able to consult with him on matters like those raised in this Motion. Counsel's inability to consult with Mr. Gerrans is not any fault of the defense and the defense should not be penalized.
- The government states that defense counsel should have been able to consult with her client about the PSR in less than the full 14 days that are afforded under the local rules, and that defense counsel should have completed her consultation with her client about the Opposition to Forfeiture seven days before it was due. Ex. 1. These arguments do not withstand legal scrutiny. Defense counsel is entitled under the local rule to the full 14 days to prepare her objections in consultation with her client, and the fact that her client was moved and has been unavailable since Friday, July 24, is not the fault of the defense. Similarly, the fact that the government filed its Forfeiture Motion in June does not change the fact that in light of the extensive litigation in this case, counsel had not completed her consultation with her client about the forfeiture motion

Def's Motion to Continue Sentencing Date to September 16, 2020; Declaration; [Proposed] Order
CASE NO. CR 18-00310 EMC

1          and still had a week left to do so under the Court's order before Mr. Gerrans became unavailable.

2    • The government states that counsel previously had issues with being able to consult with her client. Ex. 1. This is irrelevant. Counsel's access to Mr. Gerrans during the past month has been excellent; had Mr. Gerrans not been moved, counsel would have been able to have lengthy Zoom meetings with him every day until July 30, and in fact had requested to schedule such Zoom meetings for July 26, July 27, July 28 and July 29. The request for a continuance is specifically related to an undisputed lack of access to Mr. Gerrans during this critical period of time.

    • The government states that Mr. Gerrans should instead get an extension on the due date of his PSR objections. Ex. 1. This is not fair to Mr. Gerrans or to U.S. Probation. The Local Rules provide the defendant with 14 days to review the PSR and submit objections, and the balance of time between receipt of objections and issuance of the final PSR is needed by U.S. Probation to revise the final PSR and issue a final report. Nor does this solution allow counsel time to complete consultation with her client about the facts in the forfeiture motion.

    Mr. Gerrans is requesting the shortest amount of time possible for a continuance. At this point, it appears that Mr. Gerrans' papers and other belongings were in fact kept by SF County Jail, *see* July 29, 2020 email from Shelly Gerrans, attached hereto as Exhibit 2, so counsel will be re-sending all of the papers to Mr. Gerrans again and he will have to re-read and annotate them. Undersigned counsel does not know when or how long it will be until she is able be able to have attorney calls with her client, nor does she know if the 14-day quarantine will affect his ability to have attorney calls.

    On July 27, 2020, the government stipulated to continuing the sentencing of Chris Gerrans, who is out of custody, to December, 2020. As Justice White famously stated, the duty of a prosecutor is not to win but to see that "justice shall be done." As it seeks a lengthy sentence for Larry Gerrans, the government's position that he and his counsel should not have their allotted time to confer and complete submissions to U.S. Probation and this Court does not reflect well on the justice system.

    The defense has no ulterior motives here. Neither Larry Gerrans nor his counsel wants him to spend one more minute than is necessary in the Los Angeles MDC. In fact, as shown in Exhibit 2, his

family is extremely worried about Mr. Gerrans and his inability to contact his attorney or family since he has been moved. However, as legal consultation with Mr. Gerrans is necessary to effectuate his defense, it is necessary for the sentencing date and all related dates to be continued.

## CONCLUSION

The defense respectfully submits that the defense has shown good cause and asks the Court to reschedule the sentencing date from August 20, 2020 to September 16, 2020 and move all related filings by a commensurate amount of time.

Dated: July 29, 2020                                         Respectfully submitted,

                                                             ___/s/___
                                                             SHAWN HALBERT
                                                             Counsel for Defendant Larry J. Gerrans

7

Def's Motion to Continue Sentencing Date to September 16, 2020; Declaration; [Proposed] Order
CASE NO. CR 18-00310 EMC

## DECLARATION OF SHAWN HALBERT

1. The Facts stated in Section B, "Timeline from July 14, 2020 to July 29, 2020," are true and correct to the best of my knowledge.

2. I need to consult in depth with Mr. Gerrans before completing my final objections to the PSR and completing the Opposition to Forfeiture. There are facts relevant to the forfeiture analysis that I have never discussed with Mr. Gerrans because they have not been relevant to any motion I have previously filed.

3. I worked diligently over the past several months on behalf of Mr. Gerrans. For both case-related and personal reasons, it would not have been realistic for me to complete my review of the PSR seven days early or to complete my consultation with Mr. Gerrans about the forfeiture motion seven days before it was due.

4. As communicated to this Court's clerk and government counsel when I sought five days (including a weekend) in which to respond to the government's Ex Parte Application filed under seal on July 23, the government is aware of some of the personal issues that have been very time-consuming for me since July 20. However, completely independent of those obligations, I would not have completed my review of the PSR and the forfeiture opposition with Mr. Gerrans a week ahead of schedule given everything else that has been happening in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: July 29, 2020

                                                                     Shawn Halbert

[PROPOSED] ORDER

For good cause shown and in light of defendant's current unavailability to confer with counsel, IT IS HEREBY ORDERED that pursuant to Local Criminal Rule 32-2, the sentencing and forfeiture hearing in this case is continued to September 16, 2020 at ____ a.m.

It is further ordered that the filing date for defendant's Opposition to the Government's Motion for Forfeiture is continued from July 31, 2020 to August 28, 2020, and the due date for objections to the PSR is continued from July 30, 2020 to August 27, 2020.

IT IS HEREBY ORDERED.

Date: ______________________________

Honorable Edward M. Chen
United States District Court