SHAWN HALBERT (CSBN 179023)
214 Duboce Avenue
San Francisco, California 94103
Telephone: (415) 703-0993
shawn@shawnhalbertlaw.com

Attorney for Defendant Larry J. Gerrans

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18-00310 EMC |
| v. | **DEFENDANT'S EX PARTE MOTION TO STRIKE MATERIALS FROM THE FINAL PSR PRIOR TO THE DUE DATE FOR SENTENCING MEMORANDA, OR IN THE ALTERNATIVE, TO CONTINUE THE OCTOBER 7, 2020 SENTENCING DATE** |
| LARRY J. GERRANS, | |
| Defendant. | Court: Honorable Edward M. Chen |

**INTRODUCTION**

Prior to the evening of Tuesday, September 22, 2020 the defense had no interest in seeking a continuance of the sentencing date of October 7, 2020 and approaches the Court only because of the government's late production of material and the related fact that serious materials allegations against Mr. Gerrans that defense counsel had never heard before September 22, 2020 will be in the final PSR. Mr. Gerrans urges the Court to order the new and untimely material be removed from the final PSR (before or after it is issued) and before the parties' sentencing memoranda are currently due on September 30, 2020.

If the Court denies the Motion to Strike, pursuant to Northern District of California Local Criminal Rule 32-2, Mr. Gerrans moves this Court to continue the sentencing in this matter that is

1

scheduled for October 7, 2020, based on the government's late production of two documents on September 22, 2020 that were dated, respectively, September 4, 2020 and July 31/August 11, 2020. This continuance and alternative motion to strike, is necessary to effectuate Mr. Gerrans' Sixth Amendment right to effective assistance of counsel so that the defense may investigate and rebut new allegations that were not in the draft PSR, as well as untimely requests for restitution.

The government objects to a continuance of the sentencing date.

## APPLICABLE LAW

**A. Defendant's Motion is Timely**

The defense brings this Motion to Strike as soon as possible after receiving new information from the government on the evening of September 22, 2020 and learning on September 23, 2020 that such information will be included in the final PSR.

As to the alternative motion to continue the trial date, Criminal Local Rule 32-2(a) provides that "[a]t any time prior to filing the final presentence report, the parties may file a stipulation or a party may make a motion to change a date for the sentencing hearing in a case."  Crim.L.R. 32-2(a). Although the final PSR was due yesterday, in light of the complexity of the case and timing issues, the PSR has not yet been issued but will be issued today. Even if the PSR had been produced yesterday, as the defense understands that the final PSR will include information produced by the government to the defense the evening before the final PSR was due and that was thus not part of the draft PSR and thus PSR objection process, the defense would be asking this Court to rule on this Motion regardless.

The Rule further provides that any response or opposition to a Motion to Reschedule "shall conform with the requirements of Crim. L.R. 47-3(c)."[1]

**B. This Court May Continue the Sentencing Date if Upon Good Cause**

Local Criminal Rule 32-1 does not impose a limit on the number of days from conviction by which sentencing must occur, and as this Court is aware, sentencing hearings are often continued for various reasons such as a defendant's cooperation in a case to participation in the ATIP program or for

---

[1] There is no Criminal Local Rule 47-3(c) but Criminal Local Rule 47 concerns *ex parte* filings.

2

Def's Motion to Strike New Materials or Continue the Trial Date
CASE NO. CR 18-00310  EMC

other case-related reasons. The Local Criminal Rules require only that the defense show "good cause" for rescheduling the sentencing date, *see* Crim.L.R. 32.2(a).

## ARGUMENT

### A. There is Good Cause for a the Defense Request

#### 1. Factual Basis for Request

The defense motion to strike or request for a continuance is based on the fact that on the evening of September 22, 2020, the government produced five documents to the defense. One of those documents is a Statement (in the form of a filing on pleading paper), signed and dated July 31, 2020 and August 11, 2020, by the three former Sanovas Board members who testified at trial, requesting restitution for $138,066.99 that they paid in legal fees during Mr. Gerrans' trial and the $48,545 that Sanovas has reimbursed them for their additional legal expenses.[2] They also request reimbursement of the total cost of Mr. Gerrans' criminal defense, which would be fees paid by the insurance carrier to Brian Getz, Theresa Kristovich and undersigned counsel. At the same time, the government also produced a letter from Jerry Katzman, CEO of Sanovas, on behalf of Sanovas, dated September 4, 2020, which contains a number of detailed allegations against Mr. Gerrans about his conduct with Sanovas that undersigned counsel has never seen or heard before, calling the criminal case "the tip of the iceberg" and including allegations of misrepresentations to shareholders and inappropriate behavior with stock.[3]

Undersigned counsel understands from U.S. Probation that this new information will be included in the final PSR, when it is issued, although it was not in the draft PSR.

#### 2. The Current Sentencing Date Does Not Give the Defense Seven Days Between the Filing of the Final PSR and the Due Date for the Sentencing Memoranda

Pursuant to N.D. Cal. Local Rule 32-5(a) and (b), with the final PSR being due 14 days before

---

[2] By her signature on this Motion, undersigned counsel submits a Declaration that the factual background included in this Motion is true and correct to the best of her knowledge.

[3] The government also produced letters from Sanovas invested from August and earlier in September, but the defense has no objection to the timetable of receiving these letters as they comply with N.D. Cal. Criminal L.R. 32-5(3), which requires victim-witness letters to be provided to the Court at least 14 days before sentencing.

3

Def's Motion to Strike New Materials or Continue the Trial Date
CASE NO. CR 18-00310 EMC

sentencing and the sentencing memorandum being due seven days before sentencing, the parties are entitled to a week to complete their sentencing memoranda after receiving the final PSR. The final PSR in this case was not issued 14 days before sentencing, September 23, 2020. The defense does not believe that U.S. Probation bears any responsibility for this delay. However, the defense should not be required to write a sentencing memorandum on an abridged schedule particularly given the infrequent, limited and unpredictable contact undersigned counsel has with Mr. Gerrans at LA MDC.

### 3. The Government's Late Production Violates Both Statutes and Local Rules

The government's production on September 22, 2020 to U.S. Probation and the defense the July/August, 2020 Statement from prior Board members requesting substantial restitution violates Title 18 Section 3664(d)(1), which provides that "[u]pon the request of the probation officer, **but not later than 60 days prior to the date initially set for sentencing,** the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution." It also violates Local Criminal Rule 32-3(b) (providing that "[w]ithin 7 days after receiving a written request from the Probation Officer for information…the attorney for the government shall respond to the request and may supply other relevant information.") Apparently, U.S. Probation had CEO Katzman's letter prior to September 22, but as discussed below, as this is not actually a "victim" letter, it was untimely.

Further, the late production of materials means that the defense will have a final PSR that contains serious allegations that were never contained in the draft PSR, and thus Mr. Gerrans never had the opportunity to go through the objection process regarding these materials.

To be clear, the defense has no objection to the timing of the production of the three victim/witness letters that were also produced on September 22, which are part and parcel of litigation. CEO Katzman's letter is **not** a victim letter in that it does not describe the effect on Sanovas of the conduct that the government argued at trial or in its papers that Mr. Gerrans committed, namely what the government alleges was the theft of approximately 3.5 million dollars; rather, the letter is a recitation of incendiary and extremely serious allegations against Mr. Gerrans that go far beyond the nature and

4

scope of the government's case at trial and were completely unknown to undersigned defense counsel until the evening of September 22. According to the government, Mr. Katzman has made these allegations in a civil case. If that is so, they belong in the civil case and not the criminal one. Undersigned counsel has no knowledge of the civil action other than that she understands that Mr. Katzman himself was sued by and settled with Sanovas investors and that there is another civil case that is pending against Mr. Gerrans.

**4. No Countervailing Considerations Overcome Mr. Gerrans' Sixth Amendment Rights**

Unless the Court orders that U.S. Probation not include in the final PSR (1) allegations from CEO Katzman that go beyond allegations made against Mr. Gerrans in the criminal case (either at trial or as presented by the government to U.S. Probation as relevant conduct earlier in the sentencing process) and (2) the new restitution request from prior Board members, the sentencing must be continued. As U.S. Probation will be including the new information in the final PSR, Mr. Gerrans has a Sixth Amendment right to be defended against these new allegations and requests for restitution.

The government has expressed concern that the U.S. Marshal will need to make new transportation arrangements, but this is not an argument that can possibly be more important than Mr. Gerrans' Sixth Amendment rights. Similarly, the argument that investors are entitled to closure does not overcome constitutional considerations, and is equally true in connection with Chris Gerrans, whose sentencing is currently scheduled for December, 2020.

**CONCLUSION**

The defense has shown good cause to strike materials from the PSR or to reschedule the sentencing date to from October 7, 2020 to the next date available to the Court for an in person sentencing, which the defense understands is November 25 or December 30, 2020.

Dated: September 24, 2020                    Respectfully submitted

                                                   */s/*
                                             SHAWN HALBERT

Def's Motion to Strike New Materials or Continue the Trial Date
CASE NO. CR 18-00310  EMC

# [PROPOSED] ORDER

For good cause shown, IT IS HEREBY ORDERED that allegations contained in CEO Katzman's September 4, 2020 letter and the July/August 2020 Statement of former Sanovas Board members, produced to the defense on September 22, 2020, will not be included in/stricken from the final PSR in this matter prior to September 30, 2020.

IT IS SO ORDERED.

DATED: _____

_____
Honorable Edward M. Chen
United States District Court

OR

# [ALTERNATIVE] [PROPOSED] ORDER

Pursuant to Criminal Local Rule 32-2 and for good cause shown, IT IS HEREBY ORDERED THAT the sentencing date in this matter shall be continued from October 7, 2020 to _____, 2020 at _____ a.m./p.m.

IT IS SO ORDERED.

DATED: _____

_____
Honorable Edward M. Chen
United States District Court