DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBIN L. HARRIS (CABN 123364)
LLOYD FARNHAM (CABN 202231)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Robin.harris2@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE J. GERRANS,<br><br>Defendant. | NO. CR 18-0310 EMC<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING DATE AND/OR MOTION TO STRIKE MATERIAL FROM PSR**<br><br>Sentencing Date: October 7, 2020<br>Honorable Edward M. Chen |

The United States submits this response to the defendant's ex parte motion to strike or to continue the sentencing hearing, filed yesterday, September 24, 2020. The motion to continue the sentencing should be rejected out of hand, because the defendant does not present a justification for another prolonged continuance of the hearing. Similarly, the motion to strike information from the Presentence Report is not well taken because the victim letters were timely disclosed, and in any event this objection to the PSR can be considered at the sentencing hearing along with the defendant's numerous other unresolved objections to the PSR.

Defendant Lawrence Gerrans was convicted at trial of all 12 counts in the second superseding

indictment on January 29, 2020. On March 20, 2020, attorney Shawn Halbert substituted into this case as counsel for the defendant. Since that substitution, the defendant has moved five times to continue the sentencing date. Now with sentencing set for October 7, 2020 (at the defendant's request), and with the final PSR prepared and distributed, he moves to continue the sentencing yet again. The United States objects to defendant's sixth motion to continue the sentencing for the reasons discussed below.

The materials in question—three short letters from individual victim investors; a four-page letter written on behalf of Sanovas, the corporate victim; and a declaration prepared by the three former Sanovas board members who testified at trial—were provided to defense counsel on September 22nd, 15 days before the scheduled sentencing and more than a week before the parties' sentencing memoranda are due. These victim-witness letters were timely produced based upon the local rules governing the disclosure of victim-witness letters for sentencing. As the Court is aware, victims often submit letters up to the day of sentencing, or describe the impact of the defendant's conduct at the hearing itself, and the sentencing still goes forward. Moreover, there is only one victim letter, the letter from the corporate victim, that defendant now complains warrants a continuance of the sentencing. According to Ms. Halbert's supplemental declaration, Dkt 294, counsel was able to discuss this letter with the defendant during a call with him on September 25, 2020.

The defendant has already raised at least fifteen objections to material referred to by the Probation Officer in the PSR, and the PSR already addresses at least seven of these objections. If the defendant wishes to object to the Sanovas victim letter being referenced in the PSR, defendant has the opportunity to object to this portion of the PSR in his sentencing memorandum. The defendant will have ample opportunity prior to and at the hearing to object to this and other aspects of the PSR, and the Court will have the ability to rule on these objections at the sentencing hearing.

The letter submitted on behalf of Sanovas as a victim of the charged offenses describes the harm to the company by defendant Gerrans—hardly a surprising or atypical submission. The government treated this letter as a victim submission, and disclosed the letter with other investor victim letters to the Probation Office and defense counsel prior to the sentencing hearing, and in this case prior to the issuance of the final PSR.

The defendant objects to the submission from the former board members on the basis that it

requests restitution for costs associated with the criminal investigation. To the extent that the letter raises a dispute about the appropriate amount of restitution, that issue does not need to be decided at the sentencing hearing, and if there are issues, they can be addressed in a subsequent hearing pursuant to 18 U.S.C. § 3664(d)(5). Thus, the sole basis for the requested continuance—a four-page victim letter which was provided to the defendant 15 days prior to sentencing—is not sufficient justification to upend the current sentencing date. The U.S. Marshall has gone to great lengths to ensure that the defendant will be personally present on October 7, 2020. The victims and the government have been inconvenienced with multiple sentencing continuances over the long course of this case. There is no legitimate reason to put the Court, the victims, the government and the U.S. Marshal Service through yet another delay.

DATED: September 25, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/___________________
ROBIN L. HARRIS
LLOYD FARNHAM
Assistant United States Attorneys