1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ROBIN L. HARRIS (CABN 123364)
   LLOYD FARNHAM (CABN 202231)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7200
        FAX: (415) 436-7321
8       robin.harris2@usdoj.gov

9  Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:18-CR-00310 EMC |
|---|---|
| Plaintiff, | ) |
| v. | ) **UNITED STATES' REQUEST FOR INQUIRY INTO THE AUTHENTICITY OF EXHIBIT 1 TO THE OCTOBER 26, 2020 DECLARATION OF SHAWN HALBERT (Dkt 303-1)** |
| LAWRENCE J. GERRANS, a/k/a LARRY GERRANS, | ) |
| Defendant. | ) Date: November 4, 2020<br>) Time: 9:30 a.m.<br>) Honorable Edward M. Chen<br>Courtroom 9, 19th Floor |

US REQUEST FOR INQUIRY
3:18-CR-00310 EMC

1  On September 22, 2020, defendant's attorney, Shawn Halbert, emailed the government and the probation officer an addendum to the July 16, 2020 report prepared by psychologist Dr. Teo Ernst, ("Ernst") analyzing the defendant's risk for violence. The version that was transmitted to the government was signed and dated by Ernst and is attached hereto as Exhibit A. On October 26, 2020, Ms. Halbert filed a declaration with the Court under penalty of perjury stating: "Attached hereto as Exhibit 1 is the Addendum to the Forensic Psychological Evaluation of Larry Gerrans by Dr. Teo Ernst." Dkt 303. Exhibit 1 to Ms. Halbert's declaration is not signed by Ernst nor dated. Exhibit 1 to Ms. Halbert's declaration (Dkt 303-1), also deletes and alters many aspects of the the signed and dated Ernst Addendum (Exhibit A). We have highlighted on Exhibit A these deletions which include excising two entire paragraphs from the version that Ms. Halbert attached as Exhibit 1 to her declaration. A simple side by side comparison of the two versions of the Ernst Addendum (Exhibit A versus Exhibit 1, Dkt 303-1) shows that the version given to the Court contains numerous substantive omissions. Notably, the version provided to the Court (Dkt 303-1) removes Ernst's conclusion: "Nevertheless, were it factually accurate that Larry intentionally proposed a plan to Chris to commit violence against Ms. Harris, this would clearly increase his violence risk to a high level." *See* Exhibit A, highlighted section.

The lack of Ernst's signature on Exhibit 1 and the significant substantive discrepancies occasioned by the deletion of two lengthy paragraphs from the Exhibit 1 Addendum raises serious questions about whether Exhibit 1 (Dkt 303-1) is an authentic document. Accordingly, at the upcoming sentencing and before the Court considers any aspect of the Ernst report, we respectfully request the Court to conduct an inquiry about why a materially different and seemingly altered version of the Ernst Addendum was submitted to this Court by defense counsel. We further request the Court to inquire as to whether Ms. Halbert or anyone else on the defense team altered Ernst's Addendum.

DATED: November 2, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
ROBIN L. HARRIS
LLOYD FARNHAM
Assistant United States Attorneys