1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ROBIN L. HARRIS (CABN 123364)
   LLOYD FARNHAM (CABN 202231)
5  CHRIS KALTSAS (NYBN 5460902)
   Assistant United States Attorney
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
8       Facsimile: (415) 436-7234
        Email: robin.harris2@usdoj.gov
9
   Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                 NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,            )   CASE NO. CR-18-00310 EMC
                                         )
15            Plaintiff,                 )   **UNITED STATES' RESPONSE TO**
                                         )   **DEFENDANT'S OBJECTION TO VIDEO**
16      v.                               )   **HEARING**
                                         )
17  LAWRENCE GERRANS,                    )
                                         )   DATE: December 9, 2020
18            Defendant.                 )   TIME: 9:00 a.m.
                                         )   COURT: Hon. Edward M. Chen
19  _____     )

20

21                          **INTRODUCTION**

22          At the sentencing hearing conducted in-person on November 4, 2020, the Court set a further

23  hearing for December 9, 2020 to address restitution and the government's previously-briefed motion for

24  a preliminary order of forfeiture ("POF").  On December 7, 2020, following a regional stay-at-home

25  order, the Court converted the hearing to be conducted by video conference.  Defendant objected to a

26  video hearing related to restitution and POF, but consents to a video hearing on his motion for

27  reconsideration of prior orders denying release.  The defendant's objections are not well taken.

28          First, the defendant has not cited legal authority that bars the Court from conducting these

US RESPONSE TO DEFENDANT'S OBJECTION TO VIDEO HEARING
CR-18-00310-EMC                              1

1   proceedings by video, and the defendant will not be prejudiced if he appears by video rather than being

2   physically present in the courtroom.  None of the participants, including government counsel, will be

3   physically present as a result of the recent regional stay-at-home order.  Thus, there is no harm to the

4   defendant if the Court conducts the restitution and forfeiture hearings by video conference.

5        In addition, the defendant has no right to a hearing on his request that the Court reconsider the

6   November 4 decision denying his motion for bail pending appeal.   Title 18 U.S.C. § 3142(f) by its plain

7   terms applies only to pre-conviction detention.  Defendant has been sentenced and judgment has been

8   entered.  Dkt 320.  To the extent defendant's motion for reconsideration is directed at the Court's denial

9   of bail pending appeal, his request is governed by 18 U.S.C. § 3143(b)(A)(B).  Section 3143 has no

10  provision for a hearing on a motion for bail pending appeal and no hearing needs to be—nor should

11  be—held on a motion for reconsideration of the denial of bail pending appeal.  Accordingly, the

12  government respectfully requests the Court to deny defendant's motion for reconsideration, Dkt 340,

13  based upon the materials previously submitted to the Court.

### DISCUSSION

### A.    The Court Can Determine Restitution By Video Conference

16       The defendant has not articulated a statutory or constitutional right to be physically present at a

17  hearing at which the Court will determine the appropriate restitution amount.  The cases cited by the

18  defendant in his objection relate to proceedings that are directly referenced in Rule 43, such as a change

19  of plea and sentencing or resentencing.  Dkt 357 (Objection) at 2, citing *United States v. Bethea*, 888

20  F.3d 864 (7th Cir. 2018) (plea conducted by video with consent of the defendant);[1] *United States v.*

21  *Lawrence*, 248 F.3d 300 (4th Cir. 2001) (sentencing); *United States v. Zander*, 705 Fed. Appx. 707 (10th

22  Cir. 2017) (resentencing).   The only Ninth Circuit case cited by the defendant concluded that the district

23  court's entry of an amended judgment after sentencing to include restitution without a further hearing

24  was harmless error where the defendant had the opportunity to object in writing to the evidence

25  supporting and the amount of restitution.  *United States v. Marks*, 530 F.3d 799, 813 (9th Cir. 2008).

---

[1] The holding of this case, that Rule 43 requires in-person sentencing hearings even if the defendant consents and waives his appearance, has been abrogated by the CARES Act, which authorizes District Courts in certain circumstances to conduct video sentencing hearings with the consent of the defendant.  H. R. 748—248, Sec. 15002(b)(2).

1   None of these cases support the principle that the defendant has a right to a physical instead of video

2   appearance at a restitution hearing held *after* the sentencing hearing, especially where he will have had

3   an opportunity to be heard both in writing and through his counsel at the video hearing.

4         The defendant in this case had a full sentencing hearing on November 4, 2020, at which he was

5   physically present and personally addressed the Court in a lengthy allocution.  Thereafter, the Court

6   imposed a sentence at that hearing and later issued a judgment which included that sentence.  Dkt 320.

7   The appropriate question before the Court now is whether the defendant is entitled to be physically

8   present—as opposed to participating by video—for the continued proceedings which are limited to

9   determining the amount of restitution.  Under the statute governing restitution, the final determination of

10  victim losses can be determined up to 90 days "after sentencing," and in this case the Court continued

11  the determination of the amount of loss to a date after both the sentencing and the entry of judgement on

12  the sentence.  18 U.S.C. § 3664(d)(5).  In *United States v. Samuel*, 663 F. App'x 508, 514 (9th Cir. 2016)

13  (unpublished), the defendant participated in a restitution hearing by video, and the Ninth Circuit held

14  that this type of participation was at most harmless error because the defendant received a "fair and just

15  hearing" and was not prejudiced by not being physically present.  Similarly, in an unpublished case

16  issued during the pandemic, the Ninth Circuit upheld an order of restitution in which the amount of

17  restitution was determined without an in-person hearing and where the defendant was on notice that the

18  issue may be determined without a hearing and was provided the opportunity to oppose the restitution

19  amounts.  *United States v. Mehmood*, 2020 U.S. App. LEXIS 31681, at *5 (9th Cir. Oct. 6, 2020).  The

20  defendant has not shown that a video hearing, in light of the record to date and the full opportunity he

21  has had to object and be heard on restitution, would violate due process or statutory rights.

22        **B.    The Court Can Enter Preliminary Order of Forfeiture by Video Conference**

23        Defendant also objects to a hearing to address the entry of a preliminary order of forfeiture

24  taking place by video, and asks that the Court continue the hearing to an indeterminate date and time

25  when all parties can be personally present. Dkt No. 357 at 3.  Because of the procedural posture and the

26  nature of the defendant's opposition to the entry of the POF, this hearing involves only a question of

27  law, thereby exempting the proceedings from Federal Rule of Criminal Procedure 43(a). *See* Fed. R.

28  Crim. P. 43(b)(3).

1    First, one issue to be addressed at the hearing is the government's request for a correction to the

2    judgment pursuant to Rule 36.  Because the correction to the judgment to include reference to the

3    forfeiture does not implicate a stage of trial or sentencing, this aspect of the upcoming hearing is outside

4    the scope of Rule 43. There is no due process concern with the Court correcting the judgment at a

5    hearing in which the defendant and counsel are present by video.  *See e.g. United States v. Portillo*, 363

6    F.3d 1161, 1166 (11th Cir. 2004) ("The right to be present at one's sentencing does not translate into a

7    right to be present whenever judicial action modifying a sentence is taken.").

8    Second, defendant's objection to appearing by video to be heard regarding the entry of the

9    preliminary order of forfeiture should also be overruled.  Rule 43 is the codification of a due process

10   guarantee that applies "to the extent that a fair and just hearing would be thwarted by [the defendant's]

11   absence, and to that extent only."  *United States v. Cazares*, 788 F.3d 956, 970 (9th Cir. 2015) (quoting

12   *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam)). In this case, defendant's appearance

13   by video, as opposed to in person, at the forfeiture and restitution hearing would not thwart a fair and

14   just hearing. This is especially true because the defendant has not filed or provided anything new beyond

15   what was already briefed before sentencing, and the Court can decide whether to enter the preliminary

16   order of forfeiture on the basis of the current record.  In fact, when the defendant previously argued that

17   the Court should defer forfeiture and continue the hearing until after sentencing, counsel admitted that

18   forfeiture proceedings were appropriate, implying that defendant does not have factual arguments

19   against forfeiture: "[A]ny forfeiture isn't going to be a punishment to Mr. Gerrans. *He's losing the*

20   *house*. It is completely related to who can get money back." 11/4/20 RT at pg. 78 (emphasis added).

21   This view is consistent with the briefing already submitted by the defendant:  He has not opposed the

22   factual basis for forfeiture, conceding that the house was purchased with the proceeds of the fraud

23   scheme as convicted by the jury.

24   Accordingly, because nothing outside the current record will be submitted at the hearing, the

25   "proceeding involves only a conference or hearing on a question of law," to wit, whether the preliminary

26   order of forfeiture should be entered in light of all the record evidence in this case. Fed. R. Crim. P

27   43(b)(3); *see also United States v. Mincey*, 800 F. App'x 714, 731 (11th Cir. 2020) (concluding that

28   waiver of an evidentiary hearing negates the necessity of a defendant's presence at the entry of a

preliminary order of forfeiture pursuant to Rule 43 where there is no prejudice to defendant). Based on the current record, including a prior sentencing hearing and completed briefing on forfeiture, there will be no prejudice to conducting the forfeiture hearing by video. The Court should, therefore, overrule defendant's objection and proceed with the video hearing as scheduled pursuant to Rule 43(b)(3).

**C.     The Court Should Deny Defendant's Motion For Reconsideration Without A Hearing**

The only aspect of the upcoming hearing that defendant does not object to is the Court's consideration of his motion for reconsideration of denial of review of Magistrate Kim's June 22, 2020 order denying release pending sentencing.  Defendant's effort to cherry pick and agree to video on only those matters for which he wants an immediate ruling, i.e. bail pending appeal, and to indefinitely forestall the Court's consideration of legal issues which will likely result in an adverse restitution order and forfeiture of the house should be rejected.  First, as Judge Kim aptly held in her order denying defendant's "emergency" motion for bail, there is no right to a hearing on a motion for bail *after* conviction.  Dkt 271, pg. 5 (under seal).  That being so, there certainly is no right to a hearing on a motion for reconsideration of denial of bail *after* conviction and sentencing.

Second, as already addressed in the government's brief on this issue, Dkt. 348, the defendant's motion for reconsideration is untimely, moot, and procedurally barred under Rules 37 and 59(a).  Thus, there should be no hearing, video or otherwise, on a motion for which there is no right to a hearing in the first place and which is, in any event, procedurally barred.

**CONCLUSION**

For the foregoing reasons, the Court should proceed by video conference and should deny defendant's motion for reconsideration, Dkt 340, without a hearing.

DATED: December 8, 2020                     Respectfully submitted,

                                            DAVID L. ANDERSON
                                            United States Attorney
                                            _____/s/_____
                                            ROBIN L. HARRIS
                                            LLOYD FARNHAM
                                            CHRIS KALTSAS
                                            Assistant United States Attorneys