UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LAWRENCE J. GERRANS,<br>Defendant. | Case No. 18-cr-00310-EMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO APPOINT COUNSEL**<br><br>Docket No. 436 |

On July 12, 2018, Mr. Lawrence Gerrans was indicted for wire fraud and money laundering stemming from his conduct as President and CEO of Sanovas, Inc., a medical device company. Docket No. 1, 57. On January 29, 2020, he was found guilty of six counts of financial crimes (wire fraud and money laundering), three counts of making false statements to the FBI, and three counts of post-release misconduct (contempt of court, witness intimidation, and obstruction of justice). Docket No. 144. The Ninth Circuit affirmed the jury verdict. Docket No. 429. The petition for rehearing en banc was denied. Docket No. 431. The petition for a writ of certiorari was also denied. Docket No. 434.

On February 21, 2023, Mr. Gerrans filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel before, during, and after trial. Docket No. 435. Mr. Gerrans simultaneously filed a motion to appoint counsel for his habeas petition. Docket No. 436.

The Sixth Amendment right to counsel does not apply in § 2255 proceedings. *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990). However, under § 3006A(g), a prisoner seeking habeas relief under § 2255 may be provided counsel when "the court determines that the

1    interests of justice so require and such person is financially unable to obtain representation." *See*
2    18 U.S.C. §3006A(a)(2)(B). Appointment of counsel is mandated only if the court grants an
3    evidentiary hearing or permits discovery. *See* Fed. R. Gov. § 2255 Proc. 8(c) ("If an evidentiary
4    hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to
5    have counsel appointed under 18 U.S.C. § 3006A."); Fed. R. Gov. § 2255 Proc. 6(a) ("A judge
6    may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil
7    Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge
8    must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C.
9    § 3006A."). Otherwise, the court has wide discretion in deciding whether to appoint counsel for a
10   § 2255 motion. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Smith v. Ogbuehi*, 38 Cal.
11   App. 5th 453, 458, 251 Cal. Rptr. 3d 185, 189 (2019); *see also Apollo v. Gyaami*, 167 Cal. App.
12   4th 1468, 1485 (2008) (considering (1) "whether appellant is indigent," (2) "whether this lawsuit
13   involves a bona fide threat to appellant's personal or property interests," and (3) "what remedies
14   are available to protect appellant's right of meaningful access to the courts"); *Weygandt v. Look*,
15   718 F.2d 952, 954 (9th Cir. 1983) (considering the likelihood of success on the merits and the
16   ability of the movant to present his claims in light of the complexities of the issues involved).

17   Here, the Ninth Circuit affirmed the jury verdict, with one judge dissenting. In his dissent,
18   Judge Baker explained that defense counsel violated his duty to make reasonable investigations
19   and "flagrant[ly] abdicat[ed] the duty to fully prepare," *inter alia*, thus denying Mr. Gerrans a fair
20   trial. *US v. Gerrans*, No. 20-10378 (9th Cir. 2021). Moreover, the majority opinion explained
21   that it "decline[s] to resolve Gerrans's claims for ineffective assistance of counsel" because "[t]he
22   record as it stands now does not contain evidence establishing that his trial counsel's performance
23   fell below an objectively reasonable standard or that Gerrans was prejudiced by any alleged
24   deficiency." *Id.* The majority "deferr[ed] resolution of these claims until post-conviction
25   proceedings" and left open the possibility of Mr. Gerrans "conducting additional investigation and
26   asserting his ineffective assistance claims in a 28 U.S.C. § 2255 motion." *Id.* Given that the Ninth
27   Circuit left the issue of ineffective assistance of counsel as an open question, success on the merits
28   is within the realm of possibility, and Mr. Gerrans should be appointed counsel to help develop the

record and present potential complex arguments.  However, he first must establish his financial eligibility for appointment of counsel.  He shall file an "Extended Declaration in Support of Attorney or Other Services to the Criminal Justice Act" with the CJA supervising attorney (not to be electronically filed or docketed with the Court or Clerk's Office).  The form is attached to this order as Exhibit A.

The Court **GRANTS** Mr. Gerrans' Motion to Appoint Counsel.

Although the ECF/case docket still shows counsel representing Mr. Gerrans, the Court assumes he is not represented in the instant matter.  The Court shall serve a courtesy copy of this order and attachment via U.S. Mail to Mr. Gerrans.

This order disposes of Docket No. 436.

**IT IS SO ORDERED**.

Dated: May 12, 2023

_____
EDWARD M. CHEN
United States District Judge